WILLIAM C. ADAMS, plaintiff in error *vs.* A. W. DAVIS *et al.*, defendants in error.

Section 2881 of the Code, allowing actions which have been brought with-in six months after the dismissal of a former action, to stand on the same footing as to limitation with the original action, is in conflict with, and is therefore repealed by the Act of March 16, 1869, which enacts as follows: " All actions on promissory notes, bills of exchange, or other simple contracts in writing, * * * * * which accrued on a con-tract made prior to the 1st of June, 1865, shall be brought by the 1st of January next, or the right of the party plaintiff and *all* rights of ac-tion for its enforcement shall be forever barred."

WARNER, C. J., dissented.

Statute of limitations. Renewal of suit. Before Judge JOHNSON. Marion Superior Court. April Term, 1872.

William C. Adams brought complaint against A. W. Davis, maker, and R. M. Anders, indorser, on a note made August 14th, 1863, due December 25th, next thereafter, for $840 00, with a credit thereon of $500 00, date, January 26th, 1864.

Defendants relied upon the statute of limitations. It was admitted that the present action was commenced on September 26th, 1871; that on January 1st, 1870, an action was

pending on the same note, which was dismissed by the plaintiff at the April term, 1871, of Marion Superior Court; that the present action was commenced within six months from the time of said dismissal.

The Court charged the jury that under the facts aforesaid the present action was barred, and a verdict was rendered in accordance with said instructions. Plaintiff excepted to the said charge of the Court, and assigns the same as error.

E. W. MILLER; E. H. WORRILL, for plaintiff in error.

B. B. HINTON & SON, for defendant.

McCAY, Judge.

The only question in this case is, whether the Act of March, 1869, bars the suit, notwithstanding section 2881 of the Code. Does the fact that the plaintiff did sue within time, that his case was dismissed, and that he sued again within six months, save him from the operation of the Act of March, 1869?

Without question, by the terms of the Act of 1869, no such exception is made. It is also certainly true that this exception to the operation of the statutes of limitation, is one that depends upon positive statutory enactment; that is, does not come within that class of exceptions known as judicial, as when the statute is held not to run where the plaintiff is prohibited by law from suing.

The Act of 1869 says *all* actions, and it goes into detail, mentioning class after class of actions, and repeats in each case all actions. It closes by providing that all causes of action accruing since the 1st of June, 1865, shall be governed by the Code. It seems to me that independently of the general rules to which I shall hereafter revert, this last section of the Act of 1869 is conclusive.

After providing that all causes of action accruing before the 1st of June, 1865, shall be brought by the 1st of January (then) next, it says all causes of action accruing since the 1st of June, 1865, shall be governed by the Code. The mean-

ing evidently is as to all causes of action accruing before 1st of June, 1865, the Act of 1869 is to be taken as the statute of limitations, but as to those accruing since, the Code is to be the rule.

It is the settled rule of the Courts in England and America, that statutes of limitation are to be strictly construed; that is, that exceptions to their provisions are not to be made unless they be contained in the Acts themselves: 3 Gill & Johnston, 394; 1 Peters, 360; 3 Peters, 270; 8 Cranch, 84; *Ibid.*, 98; 5 Peters, 407; 1 Cowan, 356. No exception can be claimed unless it be expressly mentioned, and general words are to receive a general construction.   In 17 Vesey, Sir William Grant decided that absentees were not excepted in the Jamaica Act, and said as they were not expressly excepted it is to be considered they were intentionally omitted.   So Chancellor Kent, in Demorast *vs.* Wyncoop, 3 Johnston's Chancery, 146, says, " it would not only be impolitic but contrary to established rule, both in law and equity, to depart from the plain meaning and literal expression of these statutes." See, also, on this same general idea, McIver *vs.* Ragan, 2 Wheaton, 25, where the same principle, to-wit: that it is the duty of Courts to keep within the letter of the exceptions, is insisted on by Chief Justice Marshall.

The only question, as it seems to me, that can arise under these rules is, not whether the case comes within the equity of the exceptions, but what was the intent of the Act of 1869. One cannot help feeling that if it was the intent of the Legislature to keep this section of the Code in operation as to the class of actions covered by the Act of 1869, it would have said so.   There are some exceptions expressly mentioned, and it is a rule, as well of law as of common sense, that if some exceptions be mentioned, the intent to exclude others is plainly indicated.   As we have said, the Act is itself stronger even than this, since the last section almost in terms provides that the provisions of the Code are not intended to be left of force as to the cases covered by the Act of 1869.   The words are not, that as to causes of action since 1865, they shall be barred

at the *times fixed* by the Code, but they shall be regulated by the *provisions of the Code.* The meaning evidently is, that as to causes of action accruing before the 1st of June, 1865, the Act of 1869 is the sole rule, the sole statute of limitations as it stands. As to causes of action accruing since 1st of June 1865, the rules of the Code, limiting the time within which suit shall be brought, and providing exceptions, etc., shall govern the rights of the parties.

We think, too, the very question now made is in effect decided by this Court in *Harrison vs. Walker,* 1 *Kelly,* 32. There this very exception was in question. The statute of limitations of 1767 did not contain this exception. That Act was superseded by another general Act of limitations, passed in 1805. Whilst this latter Act was of force, this exception was introduced as applicable to all suits. In 1806, an Act was passed declaring that the Act of 1767 should be revived, and this Court held that, as the Act of 1767 did not contain this exception, it was not a part of the law of this State. The cases are, as I think, precisely analogous, only that the case in 1st *Kelly* is not so strong as this, because the last section of the Act of 1869 seems to take it for granted that none of the provisions of the Code attach to the Act of 1869. It is always a dangerous thing for Courts to make law. The Constitution gives that power to the Legislature, and when Courts, to carry out their notions of right and justice, undertake to add terms to the legislative will, they are out of their proper sphere.

Judgment affirmed.

MONTGOMEY, Judge, concurred from the bench as follows. He furnished no additional opinion:

As an original question, I concur in the opinion as delivered by Judge McCAY. If I differed, I should feel constrained to concur by the unanimous opinion of this Court as pronounced in *Harrison vs. Walker,* 1 *Kelly,* 32, between which case and the present I do not perceive the distinction.

Adams *vs.* Davis *et al.*

WARNER, Chief Justice, dissenting:

When the Act of 1869 was passed, the plaintiff's action on the note now sued on, was pending against the defendant, but, for some cause, was subsequently dismissed, and the present action was commenced in six months from the dismissal of the former action.   As the law then stood, the plaintiff had the clear legal right to recommence his action within six months from the time of the dismissal thereof.   Does the Act of 1869 deprive him of that right?   The fourth section of the Act of 1869 declares, "that all actions on promissory notes made prior to the 1st of June, 1865, not now barred, shall be brought by the 1st of January, 1870, or the right of the party plaintiff, and all right of action for its enforcement, shall be forever barred."   The Act of 1869 is an Act in relation to the statute of limitations.   It is a cardinal rule in the construction of statutes relating to the same subject matter, so to construe them, if possible, that the whole may stand, *ut res magis valeat quam pereat* is the maxim of the law.   It is also an established rule of construction that statutes *in pari materia*, must be construed in reference to each other.   Applying these living principles of the common law to the construction of the Act of 1869, and the Act of 1847, substantially embodied in the 2881st section of the Code, does the Act of 1869 repeal, or take away the right of a party plaintiff to recommence his action within six months, commenced within time, which has been dismissed?   What was the subject matter of the fourth section of the Act of 1869 ?   The subject matter was to require all actions on notes made prior to the 1st of June, 1865, to be brought by the 1st of January, 1870, or the right of the party plaintiff, and his right of action should be forever barred.   The subject matter of the Act, was to shorten the period of the statute of limitations in relation to a particular class of contracts.   But there is nothing in that Act which deprives the plaintiff who commenced his action within the time prescribed by it, and whose action should be dismissed, from the privilege of recommencing it once, as provided in

the 2881st section of the Code. There are no *negative* words in the Act of 1869, which takes away that right. There is nothing in the Act of 1869 in *conflict* with that right, and therefore the repealing clause of that Act does not affect it. The Act of 1869 can have its full force and operation as the other acts of limitation on the statute book, and plaintiffs have the same right to recommence their actions once, under that statute of limitations when dismissed, if commenced in time, as under any other statute of limitations; they all limit the time within which suits shall be commenced, but have the privilege, if the action is commenced in time and is dismissed, to recommence it once within six months. This general law of the Code is as applicable to actions commenced under the statute of limitations of 1869, as any other statute of limitations. It is said that because the fourth section of the Act of 1869 declares that all contracts made since the 1st of June, 1865, shall be controlled and governed by the limitation laws as set forth in the Code, that, therefore, the right to recommence when the action has been dismissed within six months, is taken away. If it is, it is by *implication* only, and the Courts do not favor the repeal of statutes by *implication ;* construing the statutes of limitation together, including the Act of 1869, there is nothing in it which repeals, or is in conflict with that section of the Code, which authorizes a plaintiff who has commenced his suit within the time prescribed, and his action has been dismissed, from recommencing the same within six months. All the Acts can stand and have the effect intended. The Act of 1847, embodied in the Code, was not intended to excuse parties from suing within the time prescribed by law, but when they had done so, and the action had been non–suited, discontinued, or dismissed, it conferred *the privilege* of commencing another suit within six months thereafter, and that privilege is as applicable to the statute of limitations of 1869 as to any other statute of limitations, and there are no words in that statute which *negative* or are in *conflict* with that right, and not being in conflict with it, the repealing clause cannot have the effect to take it away from the plaintiff

in this case. I am, therefore, of the opinion that the judgment of the Court below should be reversed.