JAMES M. GRAY, executor, plaintiff in error, *vs.* SAMUEL M. HODGE *et al.*, defendants in error.

1. When a suit was brought, May 27th, 1871, on a promissory note, due before the 1st of June, 1865, and the defendants pleaded the limitation Act of March 16, 1869; and the plaintiff replied that he had brought suit before the 1st of January, 1870, but said suit was dismissed by the Court, as appears by the minutes, thus: "Dismissed for want of jurisdiction," and that the present suit was within six months after the dismissal in January, 1871:

*Held,* That even if that section of the Code, allowing suits to be brought within six months after dismissal, applies to the Act of 1869, yet, as the first suit was dismissed for "want of jurisdiction," the plaintiff is estopped from saying said first suit was properly brought, or was, in fact, a pending suit, as the Court had no jurisdiction of it.

2. The order of dismissal cannot be explained by parol, so as to show that the reason given for the want of jurisdiction was a wrong reason, and that in truth the Court did have jurisdiction, and that the suit was therefore duly brought.

Statute of limitations. Judgment. Evidence. Before Judge BARTLETT. Jones Superior Court. April Term, 1873.

On May 25th, 1871, suit was commenced by James M. Gray, as executor upon the estate of Nancy T. Parrish, deceased, against Samuel M. Hodge, Henry Christian, and Benjamin T. Finney, on a note made by said defendants on December 2d, 1873, whereby they promised to pay to the plaintiff, on the 1st of December, 1864, $1,000 00. The defendants moved to dismiss the action upon the ground that it was barred by the statute of limitations.

It was admitted that suit was commenced by the plaintiff against the defendants on December 20th, 1869, returnable to the April term, 1870, of the Court; that at the October adjourned term, 1870, said suit was dismissed by the Court for want of jurisdiction, the consideration of the note sued on being a slave; that within six months of said dismissal suit was renewed on the same note, which last action is sought to be dismissed.

The Court sustained the motion, reciting in its judgment that the first dismissal was "for the want of jurisdiction." To this decision the plaintiff excepted.

BLOUNT & HARDEMAN, for plaintiff in error.

W. A. LOFTON, for defendants. ·

McCAY, Judge.

1. Whether that section of the Code permitting a plaintiff who has sued before the statutory bar has attached, and whose suit has been dismissed, to sue again within six months from the dismissal, be of force as a qualification of the limitation Act of March, 1869, or not, this action is barred. The plaintiff shows, by his own evidence, to-wit: by the judgment of dismissal, that he did not bring any suit before the 1st January, 1870, in a Court having *jurisdiction.* A suit in a Court having no jurisdiction is no suit at all; it is simply a nullity.

2. What was the ground of the want of jurisdiction does not appear. The judgment, not excepted to at the time, is conclusive that the Court had no jurisdiction. It is not competent now to open that judgment, either to show that it was based on bad law or untrue facts. The judgment does not even come within that class of judgments which the Chief Justice of this Court, in his dissenting opinion, in *Tison vs. McAffee,* refers to, to-wit: judgments, on *their face,* beyond the power, and therefore the jurisdiction of the Court. It is simply "for want of jurisdiction." To permit the party affected by it to show now, by parol, that the *reason* of the Judge for so adjudging was that the debt sued on was a negro debt, would be to permit a judgment, not void on its face, to be attacked by parol, and without any charge of fraud, a practice which, however it might, in this particular case, advance the cause of legal right, would be subversive of the fundamental principles of the law, and against the soundest public policy.

Judgment affirmed.