Macon and Augusta Railroad Company, plaintiff in error, *vs.* Milton Bass, defendant in error.

Joseph McConnell, administrator, plaintiff in error, *vs.* Joel C. Fain, administrator, *et al.,* defendants in error.

1. In cases falling under the first seven sections of the act of 1869, in relation to the statute of limitations, the provisions of section 2932 of the Code, giving plaintiffs the right to renew a dismissed or discontinued suit within six months after its dismissal, do not apply.

Warner, Chief Justice, dissented.

Statute of limitations. Before Judge Andrews. Hancock Superior Court. April Term, 1873.

Statute of limitations. Before Judge McCutchen. Gordon Superior Court. August Term, 1873.

These cases, involving the same principle, were argued and decided together.

Suit was brought in each case upon a contract entered into before June 1st, 1865. The actions were instituted before

January 1st, 1870. They were both dismissed, and second suits brought within six months from the dismissals, but after January 1st, 1870. The respective courts held that the plaintiffs were barred, and they excepted.

In the first case, GEORGE F. PIERCE was of counsel for plaintiff in error, and J. T. JORDAN for defendant.

In the second, D. A. WALKER, by brief; J. McCONNELL and E. J. KIKER, represented the plaintiff in error, and W. H. DABNEY and J. C. FAIN, the defendants.

McCAY, Judge.

These two cases turn upon the decision of this court in *Adams vs. Davis*, 47 *Georgia*, 343. We have there fully gone into the reasons of our decision, and after full consideration a majority of the court, as at present organized, affirm that decision.

Judgment affirmed.

TRIPPE, Judge, concurred, but furnished no opinion.

WARNER, Chief Justice, dissenting.

The only question made in this case is whether the plaintiff had the right to recommence his action under the provisions of the 2932d section of the Code. In my judgment it had that right or privilege, for the reasons expressed in my dissenting opinion in the case of *Adams vs. Davis et al.*, 47 *Georgia Reports*, 343. There is nothing in the case of *Harrison vs. Walker*, 1 *Kelly*, 32, in conflict with the views taken by me of this question in *Adams vs. Davis*. In that case the court held that the act of 1767 was expressly revived and declared to be the law of the land by the act of December, 1806, which *expressly repealed* the act of June, 1806, which gave to plaintiffs the right to renew their suits within six months, and that being so, there was no law of force in the state which would authorize the plaintiff to renew his suit within six months; and to have held otherwise, would have been con-

trary to the expressed will and intention of the legislature, as clearly manifested by the act of December, 1806. The act of December, 1806, expressly repealed the act of June, 1806, which gave to plaintiffs the right to recommence their suits once within six months after dismissal, and revived the act of 1767 which did not give that right, thus clearly manifesting the intention of the legislature that suits should not be renewed within six months after the dismissal of the same. There is nothing in the act of 1869 which goes to show that it was the intention of the general assembly to prevent plaintiffs from renewing their actions once, when dismissed, within six months thereafter, as provided by the general law of the state when that act was passed. I am therefore of the opinion that the judgment of the court below should be reversed.