J. T. & W. H. REESE, for use, vs. TOLLERSON & KIRBY.

Where, prior to January 1, 1870, suit was brought on a promissory note which fell due in 1860, and it was dismissed for want of process in 1881, it could not be renewed in six months thereafter. The right of renewal, under the general limitation acts, does not apply to cases which fall within the act of 1869.
April 3, 1883.

Promissory Notes. Statute of Limitations. Before Judge HARRIS. Coweta Superior Court. September Term, 1882.

v 70—29

Reported in the decision.

W. A. TURNER; S. &. A. D. FREEMAN, for plaintiffs in
·error.

ORLANDO McLENDON; BUCHANAN & BREWSTER; JOHN S.
⁔BIGBY, for defendant.

·JACKSON, Chief Justice.

This was the second suit on a promissory note, within
·six months from the dismissal of the first. The note was
·due 25th of December, 1860. The first suit was brought
·on the 25th of December, 1869. The case was dis-
missed for want of process in 1881, and that judgment
was affirmed on the 14th of March, 1882, by this court,
and made the judgment of the court below on the 25th of
the same month. The second suit was brought on the 12th
of August, 1882, within six months from the dismissal of
the first. So that the question below and here is, does the
limitation of six months within which a dismissed suit
may be brought, under the general limitation provisions
of the Code, fall within the provisions of the act of 1869,
providing for cases falling due before 1865, the close of
the war, or is it not embraced within the act of 1869? The
court below held that it is not embraced in it. This court
has ruled on the question, as did the court below, three
times, by a majority court twice, and a full court after-
wards. See 47 *Ga.*, 340; 52 *Ib.*, 13; 54 *Ib.*, 494.

So that the able review of those cases by the learned
counsel for the plaintiff in error, it is not surprising, has
failed to uproot in the mind of this court, as now organized,
a principle so deeply planted in our reports. *Stare decisis*
ought to hold it there forever, we think. The statute of
1869 is special; it was designed to wipe out these ante-
bellum debts; no provision is made for the renewal of suit
upon them; no exception is made looking to their renewal
when dismissed; and upon a special statute of limitations

we cannot see how an exception or provision in the general law can be engrafted; especially where the Code, with that provision in it, is referred to in the special act as applicable to all other cases of limitation of suits, and by necessary implication, it would seem, therefore, not applicable to cases within the special act of 1869.

Judgment affirmed.