## HOWTH, Adm'r, etc., and others *v.* OWENS and others.

*(Circuit Court, S. D. Georgia, E. D.   April 6, 1887.)*

REVIVAL—DEATH—ORDER STRIKING OUT DECEDENT'S NAME.
    Where an unconditional order signed by the judge and duly enrolled, striking the name of a decedent from the cause, was taken, and eight years thereafter application was made for leave to file a bill of revivor, in the absence of any explanation of the order of dismissal, leave to revive will not be granted.

*(Syllabus by the Court.)*

Application for Leave to File a Bill of Revivor.
*Charles N. West,* for the motion.
*J. R. Saussy,* for the defendants.

SPEER, J.   On May 26, 1873, the original bill in this case was filed against Thomas E. Lloyd, George S. Owens, and Julian Hartridge, as the executors of Isaac M. De Lyon, deceased.   The bill alleged a *devastavit,* and prayed a general account.   In 1879, Julian Hartridge died testate, and Mary M. Hartridge qualified as his executrix.   On June 3, 1879, counsel for complainant took the following order:

" *William E. Howth and others* vs. *George S. Owens and others.*

"The complainant suggests that since the last term of the court Julian Hartridge, one of the defendants, has died, and on their motion it is ordered that his name be stricken from the cause, and that the cause proceed against the other defendants.   It is further ordered that the time for taking testimony in said case be extended to the first day of the next term.

                "JOSEPH P. BRADLEY, Circuit Justice."

At this term the cause came on for final hearing and the defendant George S. Owens, for himself and as executor of Thomas E. Lloyd, who had long ago died, filed a plea in bar, setting forth the fact that Mary M. Hartridge, as the executrix of Julian Hartridge, was a necessary party, and that the complainants having voluntarily dismissed the bill as to her, by striking the name of her testator therefrom, that the action was barred as to the co-executors.   This plea was demurred to, and this court held that the bill having been framed for a general account of trust funds in the hands of trustees, that all of the executors were necessary parties, and sustained the plea; also, holding that a plea for want of proper parties is a plea in bar, and goes to the whole bill.   *Howth* v. *Owens,* 29 Fed. Rep. 722.   The complainants now make application for leave to file a bill of revivor against Mary M. Hartridge, as executrix of Julian Hartridge, and this is resisted by her.

The revivor of a suit in equity by or against the representative of a deceased party is a matter of right and a mere continuation of the original suit. *Fitzpatrick* v. *Domingo*, 14 Fed. Rep. 216; *Clarke* v. *Mathewson*, 12 Pet. 164. But this right does not exist where there has been an unconditional order dismissing the original suit, signed by the court and duly enrolled. To file a bill of revivor against the representative where the suit has simply abated for the time, because of the death of one of the parties, is quite distinct from the recommencement of a suit which has been formally and unconditionally abandoned.

The order in this, taken nearly eight years ago, striking the name of Julian Hartridge from the record was unconditional. There is no pretense that it was done through inadvertence. It does not appear that it was done because of any defect in the pleadings; for want of jurisdiction; because the complainant had an adequate remedy at law; or for any other ground which did not go to the merits. Such a dismissal is a final determination. *Durant* v. *Essex Co.*, 7 Wall. 109.

Had the complainants retained any intention to proceed further against the estate of Julian Hartridge this order striking his name from the record, it is presumed, would not have been taken. The general practice in this country and in England, when a bill in equity is dismissed, where there is an intention further to litigate the matters involved, is to use words of qualification in the order, such as "without prejudice," or some equivalent term, reserving the right to take further steps. 2 Daniel, Ch. Pr. 994; *Durant* v. *Essex Co.*, *supra*. Where such words of qualification do not appear in the order, the dismissal is presumed to be rendered on the merits. The matter in the bill of revivor sought is precisely the same as in the original bill. There is no fraud, accident, or mistake, which is insisted upon to justify this motion. The dismissal seems to have been very deliberately done, indeed, and the present counsel for the complainants was in no sense responsible for it. The matter here involved has passed *in rem judicatum*, and even had it been done by mistake, it is doubtful whether it should be revoked after the great lapse of time which has intervened. *Interest reipublicæ ut sit finis litium*, and to this classical condensation of a useful and settled legal principle may be added with equal appropriateness the maxim equally useful, and as well settled, *vigilantibus et non dormientibus jura subveniunt*. All reasonable analogies to be drawn from statutes of limitation would go to defeat this motion. Bills of review in Georgia may be brought in three years. Code, 2919. Equity will grant or refuse its remedies with analogy to the statutes of limitation. Story, Eq. Jur. 64a.

It may be thought a great hardship that the complainants cannot now be permitted to litigate their grievances with the representative of Julian Hartridge, but it is true that parties must sometimes suffer because courts find it impossible to depart from those established rules, settled beyond all question, as absolutely necessary for the disposition of business, the stability and respect of judgments, and the permanency of those records which are intended to be a perpetual memorial of the transactions therein recited. Besides, the hardship may not be all on

one side.   In the eight years that have elapsed since the name of Julian Hartridge was stricken from this record, it is not possible to say what rights have intervened, what settlements have been made, what debts paid, what legacies assented to by his executrix, none of which might have transpired had the bill been revived and not dismissed as to his estate.   I find that the main question here resulting, was decided in *Cheetham* v. *Ward*, 1 Bos. & P. 630.   The case was that William Ward and James Ward gave a joint and several bond to Cheatham; the plea was that Cheatham, the testator, by his last will, appointed William Ward one of his executors, who, with the other executors, duly proved the will and took upon them the execution thereof.   There was a de-murrer to the plea, and joinder.   The court were unanimously of opin-ion for the defendant; and EYRE, C. J., put the decision on this ac-knowledged principle, that where a personal action is once suspended by the voluntary act of the party entitled to it, it is forever gone and discharged.   This, he said, was admitted to be the case where there was but one obligor, but that the very point in issue had been decided in the Year Book 21, Edw. IV. 81*b*.   He said that there was but one duty extending to both obligors, and it was, therefore, pointedly put, that a discharge of one, or a satisfaction made by one, is a discharge of both; and that, he said, put an end to the argument, for it was the effect of the suspensions as to one that released, discharged, and extingushed the action as to both.   HEATH, J., said it was of no consequence whether the release be by operation of law, or by deed demonstrating the intent of the party.   ROOKE, J., said the obligee has it not in his power to elect to discharge one obligor, without discharging the other, 1 Bos. & P. 632; S. C. note *a*, Bac. Abr. tit. "Obligation D," and the cases there cited.

It was insisted with great force by the counsel for Mrs. Hartridge that under the act of the legislature of Georgia, approved March 16, 1869, the complainants are barred; the cause of action having originated prior to the first of June, 1865; and *Adams* v. *Davis*, 47 Ga. 339; *Gray* v. *Hodge*, 50 Ga. 262; *Macon & A. R. R.* v. *Bass*, 52 Ga. 13; *Goss* v. *Roberts*, 54 Ga. 494; *Reese* v. *Tollerson*, 70 Ga. 443, are cited.   I prefer, how-ever, to place the decision upon the reasons to which I have adverted.

The motion is denied.