### 8452. ROBERSON *v.* BENNETT.

1. Jurisdiction in matters of partition is in the superior courts alone; and a petition to a city court for a partition of personal property is therefore a nullity, and not amendable.

2. An amendment changing a petition for partition of personalty into an action for conversion is not allowable.

DECIDED JULY 23, 1917.

Petition for partition; from city court of Jesup—Judge Clark. January 23, 1917.

*James R. Thomas,* for plaintiff in error.

*Parker & Parker,* contra.

BLOODWORTH, J. A petition was filed in the city court of Jesup by certain persons who alleged that they were "members of what is known as Old Bethel Church," against certain other persons, designated as "trustees of what is known as New Bethel Church." The petitioners alleged that they were owners of certain property consisting of organ, Bible, benches, etc., and that each of the petitioners, "as members of Old Bethel Church," owned a thirty-eighth undivided interest in said property. The prayer of the petition was for the partition of the property. To the petition the defendants filed a demurrer, a portion of which is as follows: "(1) Plaintiffs' declaration does not set forth a cause of action. (2) Plaintiffs' petition shows upon its face that they are seeking a remedy and relief which can only be had in the superior court, and for which this court has no jurisdiction. . . (6) Because the remedy sought can only be had in a court with equitable jurisdiction, which jurisdiction this court has not." The plaintiffs then offered to amend the declaration as follows: "(1) Plaintiff amends by striking from paragraph three of said petition, the allegations that say that said property can not be equally divided in kind, but the same can be partitioned, and alleging that defendants are in possession of said personal property, and refuse to deliver the same to the defendants [plaintiffs?]. (2) Plaintiff amends by striking all reference in said petition to or for a partition of the property, and asks the recovery of the value thereof, which has been wrongfully and illegally converted." The court refused to allow the amendment. The demurrer was sustained and the suit dismissed.

These rulings were right. Only the superior court has jurisdiction in matters of partition. Civil Code 1910, §§ 3726, 5358, 5370. "A suit in a court having no jurisdiction is no suit at all; it is simply a nullity." *Gray* v. *Hodge,* 50 *Ga.* 262-263; *Powell* v. *Cheshire,* 70 *Ga.* 357 (48 Am. R. 572); *Western Union Tel. Co.* v. *Taylor,* 84 *Ga.* 408 (2) (11 S. E. 396); *Cutts* v. *Scandrett,* 108

*Ga.* 620 (2, 3), 625 (34 S. E. 186). As the original suit was a nullity, the amendment was properly refused. Besides, the amendment sought to set up a new and distinct cause of action. The court did not err in dismissing the suit.

*Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*