45921. DEPARTMENT OF PUBLIC SAFETY v. DOBSON.

WHITMAN, Judge. 1. This case arose out of a proceeding instituted by Dobson to have his driver's license, registration certificate and registration plates reinstated after the same had been revoked by the Department of Public Safety under the Motor Vehicle Safety Responsibility Act. Dobson's application was denied, whereupon he initiated an appeal procedure.

However here, as was also the case in *Edwards v. Dept. of Public Safety*, 123 Ga. App. 438 (181 SE2d 289), no appeal from the ruling of the department was ever entered with the Director of that department (or any other authorized official of that department). What Dobson did, as did Edwards in that case, was to file a pleading in the superior court which was captioned "On Appeal from a Hearing before the Department of Public Safety," in which he alleged the fact of the original revocation, the denial of his application for reinstatement, and other facts in support of his contention that such denial was erroneous. The pleading contained prayers for a hearing and a reversal of the department. A rule nisi was taken and same was served by mail, together with a copy of the pleading, on the Department of Public Safety.

The *Edwards* case held that the notice (of appeal) in such a case, according to the statute, must be entered with the Director of the Department of Public Safety (or some authorized official therein), and the mere filing of a petition in the superior court without the requisite notice to the department would not confer jurisdiction.

It does not appear from the record before us when the rule nisi and the pleading which were served by mail on the department were received. Thus, even if we could find that content of the pleading would qualify as "notice," we cannot hold that such action was equivalent to a notice timely entered.

2. *Code Ann.* § 92A-602 (Ga. L. 1951, pp. 565, 567; 1956, pp. 543, 547) provides in pertinent part that: "[T]he decision as rendered by the Director shall be final unless the aggrieved person shall desire an appeal, in which case he shall have the right to enter an appeal to the superior court of the county of his residence,

by notice to the Director, in the same manner as appeals are entered from the court of ordinary. . . A notice sent by registered mail shall be sufficient service on the Director that such appeal has been entered."

As an example of the operation of this procedure in actual practice, let us assume a case where a hearing officer holds a hearing in Lowndes County and thereafter renders a decision which the Lowndes County resident feels is erroneous and desires reviewed. Under the above statute it would be sufficient to give the notice to the hearing officer at the place the hearing was held within four (4) days of the decision complained of (four days being the time within which appeals must be entered under court of ordinary practice—see in this connection *Burson v. Foster,* 123 Ga. App. 168 (179 SE2d 679)) and then send a copy of same to the Director of the Department of Public Safety by registered mail. Such action, together with a petition filed in superior court (similar in form to the one in this case) with rule nisi, would initiate a review proceeding.

3. Under the record in the present case and in view of the *Edwards* case, supra, we must find that the superior court had no jurisdiction of the appeal except to dismiss it, and we reverse with direction that an order be entered accordingly.

*Judgment reversed with direction. Hall, P. J., and Eberhardt, J., concur.*

ARGUED JANUARY 13, 1971—DECIDED MAY 25, 1971.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Charles B. Merrill, Jr., Assistant Attorneys General,* for appellant.

*Alden C. Harrington, Larry D. Woods, Floyd C. Hale,* for appellee.