## 46611.  BAILEY v. BONAPARTE.

ARGUED OCTOBER 5, 1971—DECIDED FEBRUARY 18, 1972.

*Joseph B. Bergen, Robert M. Hitch, III,* for appellant.

*Hitch, Miller, Beckmann & Simpson, A. Martin Kent,* for appellee.

EBERHARDT, Judge. The Appellate Practice Act provides (*Code Ann.* § 6-802) that: "An appeal may be taken by *filing with the clerk of the court wherein the case was determined* a notice of appeal." And it is provided (*Code Ann.* § 6-803) that the notice of appeal shall be so filed "within 30 days after entry of the appealable decision or judgment complained of . . ."

This language is too plain, unambiguous and clear of meaning to justify a holding that a filing of the notice with the clerk of some court other than that wherein the judgment was rendered can be effective. "Where, as here, the language of a Code section is plain, unambiguous and positive, and is not capable of two constructions, no court has a right to construe it to mean anything other than what it declares, and this rule, of course, precludes the courts from

construing it according to what is supposed to be the legislative intent." *Sirota v. Kay Homes,* 208 Ga. 113 (3) (65 SE2d 597).

"A paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file," and "a certificate of the clerk, entered upon the [paper] at the time it is filed, is the best evidence of such filing . . ." *Peterson v. Taylor,* 15 Ga. 483, 484. And see *Jordan v. Bosworth,* 123 Ga. 879, 880 (51 SE 755). "It is essential to the filing of a paper in a clerk's office that the same be either lodged in his hands or with his knowledge placed in his office and under his charge." *Jolley v. Rutherford,* 112 Ga. 342 (1) (37 SE 358).

Surely a lawyer who has filed a suit, or tried a case to the stage of an appealable judgment knows what court rendered the judgment and with any diligence can direct a notice of appeal to the clerk of that court and it is not asking too much to require that he do so. Failure to do so is like unto one who, having two cases pending, tries one, loses it and files a motion for new trial in the other. *Goodman v. Kenney,* 124 Ga. App. 709 (185 SE2d 632). Since the appeal may be taken by filing the notice with the clerk of the court wherein the judgment was rendered it must follow that it may not be done by filing the notice somewhere else.

If the notice had reached the proper clerk within statutory time it might well be held that the Clerk of Chatham Superior Court had, in transferring it to the Clerk of Chatham State Court, acted as the agent for appellant or his counsel and we would find no difficulty in holding the notice to be timely. But it is likewise true that in holding the notice beyond the 30 days period before sending it over to the proper clerk, the Clerk of Chatham Superior Court acted as agent for appellant or his counsel, and the delay is chargeable to them. If appellant or his counsel had themselves delayed the filing until beyond the 30-day period, even for one day, we should have no hesitancy in dismissing the appeal. Both courts have so held. *Stanford v. Evans, Reed & Williams,* 221 Ga. 331 (145 SE2d 504); *Associated*

*Builders Supply v. Georgia-Pacific Corp.,* 123 Ga. App. 222 (180 SE2d 273). Can appellant place himself in a better position by acting through the agency of the clerk of some other court than in acting through his own counsel? Obviously not.

A parallel situation is found in the filing of an appeal from an order of the Department of Public Safety revoking or suspending a driver's license. The provision for appeal is found in *Code Ann.* § 92A-602, requiring that it be done in the same manner as appeals entered from the Court of Ordinary. We have held that the lodging of the appeal with the superior court instead of with the Department of Public Safety is ineffective as an appeal, and vests the superior court with no jurisdiction other than to dismiss it. *Edwards v. Department of Public Safety,* 123 Ga. App. 438 (181 SE2d 289); *Department of Public Safety v. Dobson,* 123 Ga. App. 826 (182 SE2d 496). And see *Sayers v. Rothberg,* 222 Ga. 626 (151 SE2d 445). This is because an appeal from the judgment of a court of ordinary must be filed with that court and the ordinary is then charged with the responsibility of transmitting the appeal and all relevant papers to the superior court *(Code* §§ 6-204, 6-205), just as the clerk of a trial court is charged with the duty of sending the appeal to this court or to the Supreme Court.

An appeal or notice of appeal filed anywhere other than where the law directs that it be filed is ineffective. No other court has jurisdiction to accept or file it, and the filing or attempted filing of it in some other court does not and can not toll the statutory time for filing.

It is like the filing of a suit in a court having no jurisdiction of the subject matter, which does not toll the running of a statute of limitation. *Gray v. Hodge,* 50 Ga. 262; *Western Union Tel. Co. v. Taylor,* 84 Ga. 408 (2) (11 SE 396, 8 LRA 189); *Hamilton v. Phenix Ins. Co.,* 111 Ga. 875 (36 SE 960); *Hill v. State,* 115 Ga. 833 (42 SE 286); *Roberson v. Bennett,* 20 Ga. App. 590 (93 SE 297).

An analogy drawn between the situation here and that where an appeal is directed to the Supreme Court when

this court has jurisdiction, or vice versa, is inapposite. There is constitutional mandate for that. Here there is no constitutional provision and no statutory provision for any transfer at the trial court level. A transfer made without such authority is ineffective until the notice reaches the hands of the proper clerk, and if, as here, it does so after the expiration of the statutory period it can not give us jurisdiction to do other than to dismiss it.

*Appeal dismissed. Bell, C. J., Jordan, P. J., Pannell, Deen, Quillian and Evans, JJ., concur. Hall, P. J., and Clark, J., dissent.*