## 74845. PATRICK v. THE STATE.
(361 SE2d 251)

POPE, Judge.

Defendant Patrick pled guilty to theft by taking in the amount of $1,815. The trial court made a written finding, pursuant to OCGA § 17-14-8 (a) (4), that restitution would be ordered as a condition of the sentence. Defendant was sentenced to serve five years on probation, to pay a fine of $1,000 and to make restitution to the victim in the amount of $2,000. In response to a question by defendant's attorney as to why the court imposed restitution in an amount greater than the actual theft, the judge explained that he was taking into consideration

the fact that the victim would be paid back over a period of years and that if the victim were to recover at civil law he would be entitled to an award for interest in an amount which would undoubtedly exceed the additional $185 imposed in the sentence. Defendant responded that he was "not unhappy" with the sentence. Nevertheless, defendant now appeals the sentence of restitution claiming it is excessive.

1. Defendant claims the sentence of restitution violates OCGA § 17-14-9, which provides: "The amount of restitution ordered may be equal to or less than, but not more than, the victim's damages." However, as it is used in the statutory provisions relating to restitution, " '[d]amages' means all damages which a victim could recover against an offender in a civil action. . . ." OCGA § 17-14-2 (2). As the trial judge aptly noted, in a civil action for conversion the victim of defendant's crime would be entitled to recover interest over the five-year period in which defendant is ordered to make payments to the victim. Therefore, the sentence is not defective because defendant was not ordered to pay an amount greater than the victim's damages at civil law.

2. Defendant also claims the trial court erred by not adjudicating the amount of the victim's damages after the amount was disputed, in violation of OCGA § 42-8-35 (7). Said statute states, in pertinent part: "[N]o reparation or restitution to any aggrieved person for the damage or loss caused by [the probationer's] offense shall be made if the amount is in dispute unless the same has been adjudicated." "Pursuant to this statute, a defendant who does not agree to the amount of restitution ordered by the trial court is normally required to contest the issue at the time the condition is imposed." *Johnson v. State*, 156 Ga. App. 511 (274 SE2d 669) (1980). Here there is no dispute as to the amount wrongfully taken from the victim. The only dispute is whether restitution may rightfully include interest on the victim's damages. This is a legal, rather than factual, dispute which is resolved against defendant in Division 1 of this opinion. The record shows defendant did not contest this legal issue at the probation hearing. Defendant's attorney merely asked the court: "May I inquire how the court arrived at two thousand dollar[s] restitution?" After the judge explained that the restitution amount included an award of interest on the victim's damages and that the additional $185 imposed by the sentence would undoubtedly be less than the interest calculated over the five years at the legal rate, defendant's attorney responded: "I'm sure [defendant is] appreciative, your honor." Upon questioning by the court, defendant himself indicated he was "not unhappy" about the sentence. The court did not err in failing to adjudicate the amount of restitution imposed since defendant did not dispute the sentence at the time it was imposed.

3. Defendant's third enumeration of error claims the trial court,

in determining the nature and amount of restitution, failed to consider the factors enumerated by OCGA § 17-14-10. This enumeration is squarely contradicted by the record which contains a written finding by the court stating it considered each of the six specific factors set forth in said statute in the process of arriving at a sentence conditioned upon restitution. Cf. *Garrett v. State*, 175 Ga. App. 400 (1) (333 SE2d 432) (1985) (where the record contained no indication that the legislatively mandated factors were considered).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 18, 1987.

*J. Robert Joiner, Drew R. Dubrin*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Harvey W. Moskowitz, Assistant District Attorneys*, for appellee.