A89A1737. BARNER v. THE STATE.
(390 SE2d 77)

SOGNIER, Judge.

Charles Arthur Barner entered a plea of nolo contendere to a charge of rape, a noncapital felony (see OCGA §§ 16-6-1; 17-7-95 (a)), and was sentenced to twenty years, five of which were to be served in prison. He filed this appeal from the denial of his motion to withdraw his plea, contending that it was not intelligently and voluntarily

made.

The record reveals that on February 27, 1989, an indictment was returned against appellant, who at the time was incarcerated because of a parole revocation in an unrelated case. The trial court entered a release order on March 3, 1989, and appellant appeared for arraignment on March 7th. Appellant's court-appointed counsel and the prosecutor informed the trial judge that an agreement had been reached on a negotiated plea whereby appellant would plead nolo contendere to the rape charge and the prosecutor would recommend a sentence of three to five years. The judge asked appellant whether he had had "enough time to talk to [his] lawyer" about his case, and whether he understood that the court "could sentence [him] to prison or fine [him] or both." The trial judge also questioned appellant regarding his understanding of the rights he would be waiving by entering a plea and queried whether appellant had been subject to any threats or promises by the State. After receiving the prosecutor's summary of the evidence, the court accepted the plea of nolo contendere but entered a twenty year sentence rather than the sentence recommended by the State.

Appellant contends his sentence was obtained under duress because he was incarcerated prior to the hearing and did not have sufficient time to consult with counsel. However, in response to the trial judge's question on that point at the hearing, appellant voiced no complaints about the amount of time he had to talk with his attorney prior to entry of the negotiated plea, and indicated he had consulted with counsel. Moreover, "[t]he mere fact that counsel was appointed shortly before the plea was entered does not alone render the plea involuntary. [Cits.]" *Walker v. Hopper*, 234 Ga. 123, 125 (214 SE2d 553) (1975). Appellant also asserts in his brief that the prosecutor pressured him into making a hasty decision, but the record is devoid of any evidence to support this argument. " 'We will not presume error from a silent record. [Appellant] has the burden of showing error affirmatively by the record and this burden is not discharged by recitations in the brief. [Cit.]' [Cit.]" *Williams v. State*, 188 Ga. App. 496, 499 (3) (373 SE2d 281) (1988).

However, in his pro se pleadings filed with the trial court, appellant stated that he did not understand the sentence he received or why it differed from the plea agreement. "[A]t the time a plea is offered, the trial court shall, on the record, require the disclosure of any plea agreement which has been reached by the state and the defendant. Further, if the trial court intends to reject said plea agreement, the trial court shall, on the record, inform the defendant personally that (1) the trial court is not bound by any plea agreement, (2) the trial court intends to reject the plea agreement presently before it, (3) the disposition of the present case may be less favorable to the de-

fendant than that contemplated by the plea agreement, and (4) that the defendant may then withdraw his or her . . . plea as a matter of right. [Cits.]" *State v. Germany*, 246 Ga. 455, 456 (271 SE2d 851) (1980). This procedure was not followed in the case at bar. Although appellant indicated he understood he could be sentenced to prison, the trial court did not inform appellant of any of the matters required by *State v. Germany*, supra. Nor did the trial court even tell appellant what the maximum sentence was. Accordingly, we conclude the trial court erred by refusing to allow appellant to withdraw his plea of nolo contendere. See *Sanders v. State*, 169 Ga. App. 125 (1) (312 SE2d 160) (1983).

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED JANUARY 2, 1990 —
REHEARING DENIED JANUARY 12, 1990 — 

*Mark G. Pitts*, for appellant.
*John R. Parks, District Attorney, R. Rucker Smith, Assistant District Attorney*, for appellee.