*Skandalakis, Assistant District Attorney*, for appellee.

A91A1586. CORBIN v. THE STATE.
(415 SE2d 14)

Judge Arnold Shulman.

The appellant pled guilty to an indictment charging her with theft by taking based on allegations that she had stolen funds in excess of $500 from her former employer. Under a plea agreement negotiated with the state, she was to repay the employer $14,000 of the $24,000 she had taken from him, the employer having been compensated by insurance for the remaining $10,000, and the appellant having already contracted to repay those funds to the insurer. However, the trial court expressed concern that this arrangement would give the appellant the benefit of the use of the $14,000 interest-free during the period her employer had been deprived of it. Stating that she had "had the money for years already" and that "if she borrowed $14,000 for two years at 10 percent" she would owe $2,800 interest, the trial court accordingly required her to pay an additional $3,000 in restitution to the victim as a condition of her probation. The appellant voiced no objection to this condition, and sentence was imposed accordingly. However, she now contends on appeal that this additional charge was unauthorized because it was not based upon any specified interest rate and because no provision was made for a reduction of it in the event she finished making her restitution payments ahead of schedule.

"The judge of any court of competent jurisdiction may order that an adult offender make restitution as a condition of any relief ordered by the court." OCGA § 17-14-3. " 'The amount of restitution ordered may be equal to or less than, but not more than, the victim's damages.' [OCGA § 17-14-9]. However, as it is used in the statutory provisions relating to restitution, ' "(d)amages" means all damages which a victim could recover against an offender in a civil action. . . .' OCGA § 17-14-2 (2)." *Patrick v. State*, 184 Ga. App. 260, 261 (1) (361 SE2d 251) (1987). This includes interest. Id.

Because the additional restitution ordered by the court was intended at least in part to compensate the victim for the period the appellant had *already* had the use of his funds, the fact that no provision was made for reducing it in the event she finished paying the principal portion of her restitution obligation ahead of schedule would not necessarily render it excessive. In any event, " '[p]ursuant to [OCGA § 42-8-35 (7)], a defendant who does not agree to the amount of restitution ordered by the trial court is normally required to contest the issue at the time the condition is imposed.' [Cit.]" *Pat-*

*rick v. State*, supra, 184 Ga. App. at 261 (2). Because the appellant voiced no objection to the interest charge in the trial court, we hold that she may not now complain of it on appeal. See generally *Boatright v. State*, 192 Ga. App. 112 (5), 116 (385 SE2d 298) (1989); *Pressley v. State*, 197 Ga. App. 270 (4) (398 SE2d 268) (1990).

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED JANUARY 9, 1992.

*Walter J. Clarke*, for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.