## A98A2048. ADAMS v. THE STATE.
### (507 SE2d 538)

Johnson, Presiding Judge.

After a jury trial, Scott Adams was found guilty of theft by taking and not guilty of simple battery. He appeals from the conviction entered on the theft verdict.

1. We disagree with the state's argument that the appeal must be dismissed because the notice of appeal was untimely filed. The judgment of conviction was entered in the State Court of Cobb County on March 27, 1998. On April 16, 1998, Adams filed a pro se notice of appeal in that court. The notice incorrectly stated that the judgment was being appealed to the Superior Court of Cobb County rather than to this Court. Adams filed several amended notices of appeal in state court, each time designating a different court as the appellate court. Finally, on May 18, 1998, Adams filed an amended notice of appeal which correctly designated this Court as the one to which the appeal was being taken.

In general, a notice of appeal must be filed within 30 days after entry of the appealable judgment complained of. OCGA § 5-6-38 (a). However, no appeal shall be dismissed because of a defect in the notice of appeal, including a designation of the wrong appellate court. OCGA §§ 5-3-27; 5-6-37. "If an error appears in the notice of appeal, the court shall allow the notice of appeal to be amended at any time prior to judgment to perfect the appeal so that the appellate court can and will pass upon the appeal and not dismiss it." OCGA § 5-6-48 (d). The rules of appellate practice "shall be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case. . . ." OCGA § 5-6-30.

Adams was entitled to amend his timely filed notice of appeal to correct the name of the court to which the appeal was directed. See *Griffin v. Johnson*, 157 Ga. App. 657, 658 (1) (278 SE2d 422) (1981). His failure to initially name the proper appellate court does not warrant dismissal of his appeal. See *Brumby v. State*, 264 Ga. 215, 216 (1) (443 SE2d 613) (1994).

The state's reliance on *Bailey v. Bonaparte*, 125 Ga. App. 512 (188 SE2d 119) (1972), is misplaced. The appellant in that case filed the notice of appeal in the wrong court; a notice of appeal filed any-

where other than where the law directs is ineffective. Id. at 515. In the instant case, the notice of appeal was filed in the correct court, but designated the wrong court as the one to which the appeal was directed. *Bailey* does not require dismissal of this case.

2. Adams complains that he was denied his constitutional right to confront the person who allegedly saw him commit the theft. No trial transcript or substitute therefor is included in the record, although it was Adams' burden to request a transcript of the hearing on these misdemeanor charges or to construct a record of the trial. See *Ward v. State*, 188 Ga. App. 372, 374 (3) (373 SE2d 65) (1988). In the absence of a trial transcript or acceptable substitute, this Court is in no position to determine whether Adams preserved this error for appeal, whether the witness testified and what that testimony was, or whether Adams was afforded the opportunity to cross-examine the witness. We must presume that the trial judge's conduct of the trial was proper. See *Burleson v. Jordan*, 163 Ga. App. 496 (295 SE2d 335) (1982). This enumeration presents no grounds for reversal.

3. Adams contends the trial court imposed cruel and unusual punishment in requiring that he be screened and, if needed, treated for violent behavior and alcohol/drug dependency as a condition of probation. He argues that the allegations and evidence did not support the imposition of such a condition. Again, without a transcript we cannot determine whether this enumeration was preserved or whether the evidence supported the imposition of screening and treatment requirements as conditions of probation. See generally *Corbin v. State*, 202 Ga. App. 464 (415 SE2d 14) (1992). "We will not presume error from a silent record. Appellant has the burden of showing error affirmatively by the record and this burden is not discharged by recitations in the brief." (Citations and punctuation omitted.) *Barner v. State*, 194 Ga. App. 216, 217 (390 SE2d 77) (1990).

Moreover, a trial court has broad discretion to determine the terms and conditions of probation. *Ballenger v. State*, 210 Ga. App. 627, 628 (1) (436 SE2d 793) (1993). In the absence of express authority to the contrary, we see no logical reason why a reasonable condition imposed for probation of a sentence by a trial court should not be approved. Id. There being no indication in the record that this condition was unreasonable, we find no basis for reversal.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 13, 1998.

Scott Adams, *pro se.*

*Barry E. Morgan, Solicitor, Katherine L. Kissam, Assistant Solicitor,* for appellee.