A00A2327. PARKS v. THE STATE.
(544 SE2d 536)

PHIPPS, Judge.
  James Parks was charged by accusation with two counts of public drunkenness. Parks pled not guilty and requested a jury trial. At trial, Parks proceeded pro se. The jury found him guilty on both counts, and the trial court sentenced him to serve 30 days in confinement and 23 months on probation.
  Parks was charged with being intoxicated and boisterous at an establishment called Shooter's and at the Waffle House on December 21, 1999, in violation of OCGA § 16-11-41. He filed a motion to dismiss in which he asserted that he was not at either establishment on the date referenced in the accusation. At trial, the accusation was amended to change the date of the alleged offense to November 27, 1999. After sentencing, Parks filed a motion for new trial. Although no transcript of a motion for new trial hearing is included in the record, the order denying the motion indicates that a hearing was conducted.
  Parks filed this pro se appeal, claiming that the trial court erred by (1) allowing the assistant solicitor general to amend the accusation at trial, (2) refusing to conduct a hearing on his motion to dismiss, (3) admitting certain evidence offered by the State and (4) excluding certain evidence he sought to present. Because Parks failed to invoke a ruling on his motion to dismiss and has failed to provide a trial transcript or acceptable substitute, we cannot review his claims. We therefore affirm.
  1. Parks argues that the trial court erred by allowing the State to amend the accusation at trial to change the date of the alleged offenses.
  Although the trial was not reported and Parks has failed to construct a record of the trial, he did raise the issue of the proper date of the alleged offenses in his motion to dismiss. Even if we assume that the motion sufficiently raised the issue, Parks subsequently waived the issue for purposes of appeal. The record does not include an order disposing of the motion to dismiss or any other indication that the motion was addressed. "[W]hen an appellant fails to invoke a ruling on his motion, he has waived the issue for purposes of appeal.

[Cits.]"[1] We cannot presume from a silent record that this issue has been preserved for appeal. It is therefore deemed waived.[2]

2. Parks claims that the trial court erred by allowing the State's witnesses to present hearsay evidence and by refusing to allow him to introduce written evidence without examining the evidence or allowing him proper argument on the issue.

Despite the fact that he proceeded pro se, it was Parks's burden to request that the proceedings on these misdemeanor charges be reported and transcribed or to construct a record of the trial.[3] Without a trial transcript or acceptable substitute, we cannot determine whether Parks preserved the issue for appeal, what testimony Parks contends is objectionable or what evidence Parks sought to present. Under the circumstances, "[w]e must presume that the trial court's conduct of the trial was proper."[4]

3. Parks asserts as error the trial court's failure to conduct a hearing on his motion to dismiss. Because there is no indication that this issue was raised and ruled upon in the trial court, we find that Parks has waived the right to raise it on appeal.

4. Parks lists several other alleged errors in his brief to this court, none of which can be properly addressed without the benefit of a trial transcript or acceptable substitute.

*Judgment affirmed. Johnson, P. J., and Smith, P. J., concur.*

DECIDED JANUARY 22, 2001 —
RECONSIDERATION DENIED MARCH 5, 2001 — ▮

James Parks, *pro se.*

*Gwendolyn R. Keyes, Solicitor, Mary E. Leonard, Thomas E. Csider, Assistant Solicitors,* for appellee.

---

[1] *Delong v. State,* 185 Ga. App. 314 (363 SE2d 811) (1987).

[2] *Hancock v. State,* 244 Ga. App. 118 (534 SE2d 870) (2000).

[3] Id.; *Adams v. State,* 234 Ga. App. 696, 697 (2) (507 SE2d 538) (1998).

