# Court of Appeals
# of the State of Georgia

ATLANTA,   April 08, 2013

*The Court of Appeals hereby passes the following order:*

**A13D0277.  WILLIAM THOMAS MIDDLETON v. THE STATE.**

In 2005, William Middleton pled guilty to sexual exploitation of children.  In 2012, he moved to vacate his guilty plea.  The trial court denied the motion, and Middleton filed an application for discretionary appeal in this Court.  We granted the application by order informing Middleton that he had ten days in which to file a notice of appeal in the trial court.  See A13D0228; see also OCGA § 5-6-35 (g) ("Within ten days after an order is issued granting the appeal, the applicant, to secure a review of the issues, shall file a notice of appeal as provided by law.").  Middleton, however, filed a "Notice of Appeal" <u>in this Court</u>, along with additional documents.  We docketed the filing as another application for discretionary appeal.

A notice of appeal must be filed "with the clerk of the court wherein the case was determined."  OCGA § 5-6-37.  "[A] notice of appeal filed anywhere other than where the law directs is ineffective."  *Adams v. State*, 234 Ga. App. 696, 697 (1) (507 SE2d 538) (1998); see also *In re Estate of Dasher*, 259 Ga. App. 201, 202 n. 2 (576 SE2d 559) (2002); *Bailey v. Bonaparte*, 125 Ga. App. 512 (188 SE2d 119) (1972).  Accordingly, Middleton's notice of appeal filed in this Court is not effective to initiate his appeal from the denial of his motion to vacate his guilty plea.  And this application, filed in March, is untimely as to the original trial court order, entered in January.  Accordingly, this application is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* 04/08/2013
   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 *, Clerk.*