## 59557. GORDON v. WELDON.

BANKE, Judge.

This is an action by the appellee to confirm a real estate foreclosure sale pursuant to Code Ann. § 67-1503 et seq., as well as to confirm the private sale of a houseboat which had served as collateral for the same indebtedness and to obtain a deficiency judgment for the balance due on the indebtedness. Following a hearing, the trial court confirmed both the sale of the realty and the sale of the houseboat but made no ruling on the request for a deficiency judgment. The appellant thereupon filed a "Motion for Reconsideration of Confirmation of Sale or Alternative Motion for Certificate of Immediate Review," contending that the court had applied improper legal principles in confirming the real estate sale and had acted without authority in confirming the personalty sale. Following a hearing on this motion, the court entered an order adhering to its original decision confirming the two sales and stating for the first time that the request for a deficiency judgment would not be considered as part of the confirmation proceeding. The appellant appeals from this order as the final judgment in the case.

The appellee has moved to dismiss on the ground that the notice of appeal specifies the wrong case number in the lower court. *Held:*

1. While the notice of appeal may specify the wrong case number, the proper record and transcript have been transmitted to us, indicating that the problem was corrected in the lower court. Thus, we see no reason to dismiss the appeal.

2. We agree with the appellant that the court was without authority to entertain the appellee's prayer for confirmation of the houseboat sale. The provisions of Code Ann. §§ 67-1503 et seq. establish a special statutory procedure which governs only the confirmation of private foreclosure sales of real property. This statutory framework does not authorize confirmation of sales of personalty. Accord, *Ennis v. Atlas Fin. Co.*, 120 Ga. App. 849, 850 (172 SE2d 482) (1969) (holding that it is for the jury to determine the commercial reasonableness of a private sale of collateral under Ga. UCC § 9-504 (Code Ann. § 109A-9—504)). That portion of the court's judgment confirming the sale of the houseboat is accordingly vacated.

3. The appellant's contention that the court used an improper legal standard in confirming the realty sale is without merit. The court expressly found that the property had brought its true market value, and this finding was supported by the testimony of the appellee's expert witness. The appellant's attack on that testimony goes only to its weight and credibility, not to its admissibility. See generally *American Century Mtg. Investors v. Strickland*, 138 Ga. App. 657 (227 SE2d 460) (1976).

*Judgment reversed in part and affirmed in part. McMurray, P. J., and Smith, J., concur.*

ARGUED MARCH 11, 1980 — DECIDED MAY 6, 1980.

*Thomas E. Raines, Gerald B. Kline,* for appellant.
*H. J. Thomas,* for appellee.