### S99A1450. MASSEY v. THE STATE.
(525 SE2d 694)

HUNSTEIN, Justice.

Roger Massey was convicted of malice murder in 1997 for the shooting death of his wife, Kathy Massey. His conviction was reversed in *Massey v. State*, 270 Ga. 76 (508 SE2d 149) (1998). Massey was retried in March of 1999, convicted of malice murder and sentenced to life in prison.[1] He appeals. Finding sufficient evidence to support the verdict and no reversible error, we affirm.

1. Viewed to support the jury verdict, we find the evidence adduced at trial sufficient to enable a rational trier of fact to find Massey guilty beyond a reasonable doubt of the malice murder of his wife by shooting her in the face with a handgun. *Jackson v. Virginia*,

---

[1] The crime occurred on May 5, 1997. Massey was indicted in August 1997 in Crisp County. His conviction rendered December 4, 1997 was reversed on appeal on October 26, 1998 in *Massey v. State*, supra. Massey was retried, found guilty on March 4, 1999 and sentenced that same day. A notice of appeal was filed on March 12, 1999. The appeal was docketed in this Court on June 29, 1999. Oral arguments were heard on September 22, 1999.

443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Massey v. State*, supra at (1).

2. Three weeks prior to her death, Kathy Massey followed her husband and his girl friend to an Alabama motel and confronted them. Massey filed a motion in limine to restrict the State from presenting evidence of the meretricious relationship on the basis that it impermissibly reflected on his character. The State was entitled to present evidence to establish a motive for the crime. Evidence that Kathy followed her husband and then confronted him at the motel in front of his girl friend is relevant to prove that Massey had a motive for committing the crime, and is not rendered inadmissible by the fact that it may have incidentally placed Massey's character in issue. See *Johnson v. State*, 260 Ga. 457 (2) (396 SE2d 888) (1990).

3. In *Massey v. State*, supra at 4 (a), we affirmed the trial court's exclusion of evidence from Massey's neighbor about an uncommunicated threat against Massey by his wife because it constituted inadmissible hearsay. On retrial, the trial court excluded identical hearsay evidence and Massey again asserts error in this ruling. "The general rule is that evidence of threats previously made by one who is killed by another but uncommunicated to the latter, [is] not admissible on the question of whether the defendant was justified in killing the victim." *Dixon v. State*, 256 Ga. 658, 660 (2) (352 SE2d 572) (1987); OCGA § 24-3-1. We recently held that evidence of a death threat against a defendant may fall within the exception under OCGA § 24-3-2, when offered not for the truth of the matter asserted but to show the victim's state of mind. *Sturkey v. State*, 271 Ga. 572 (2) (522 SE2d 463) (1999). However, such evidence is only admissible when there is a conflict in the evidence as to who started the fight, to corroborate evidence of threats which in fact were communicated, and to establish the attitude of the deceased. *Dixon v. State*, supra. The OCGA § 24-3-2 hearsay exception does not apply in this case as the evidence adduced belies Massey's contention that the uncommunicated threat showed the victim's state of mind. Even assuming, arguendo, that the trial court erred by excluding this evidence, any error was harmless due to the overwhelming evidence of Massey's guilt. Id.

4. On the third day of trial, Massey sought to introduce testimony of an emergency medical technician for the purpose of rebutting prosecution testimony about blood drops found near Massey's vehicle. The trial court refused to allow the EMT's testimony because the EMT's name had not been provided to the State before trial in violation of OCGA § 17-16-8 (a). We have noted that an interview of the witness is the remedy for failure to comply with the requirement that a witness must be identified prior to trial; this remedy avoids the harsh sanction provided in OCGA § 17-16-6 of excluding evidence

not properly disclosed. *Laney v. State*, 271 Ga. 194 (8) (515 SE2d 610) (1999); *Berry v. State*, 268 Ga. 437, 440 (490 SE2d 389) (1997). Absent a showing of prejudice to the State and bad faith by Massey, the EMT should have been allowed to testify after the State was afforded the opportunity to interview her. However, reversal is not required because the decision to exclude this witness was not harmful and the evidence of Massey's guilt was especially overwhelming. *Laney v. State*, supra; see also *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

5. Massey contends that the trial court erred in restricting closing argument. Massey's acquiescence to this alleged impropriety completely deprives him of the right to complain on appeal. *Earnest v. State*, 262 Ga. 494 (3) (422 SE2d 188) (1992). Regardless, we observe that the standard of review of any limitation upon closing argument is whether the trial court abused its discretion. *Brown v. State*, 268 Ga. 354 (8) (490 SE2d 75) (1997). Here, no abuse of discretion is shown by the trial court admonishing defense counsel not to "read the law" to the jury or otherwise misstate the law.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 18, 2000 —
RECONSIDERATION DENIED FEBRUARY 11, 2000.

*Mills & Chasteen, Ben B. Mills, Jr.,* for appellant.

*John C. Pridgen, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.