## A06A2089. THE STATE v. JONES.
(642 SE2d 183)

BERNES, Judge.

The trial court excluded from evidence a videotape and photographs of child pornographic images taken from the defendant's computer as a sanction for the state's failure to comply with a court ordered discovery deadline. The state appeals, contending that in the absence of findings of bad faith and prejudice, the trial court's ruling was unauthorized. Because the trial court's order contained no such findings, we reverse.

Pursuant to OCGA § 17-16-4 (a) (3),

> [t]he prosecuting attorney shall, no later than ten days prior to trial, or as otherwise ordered by the court, permit the defendant . . . to inspect and copy or photograph books, papers, documents, photographs, tangible objects, audio and visual tapes, films and recordings, or copies or portions thereof . . . which are within the possession, custody, or control of the state or prosecution and are intended for use by the prosecuting attorney as evidence in the prosecution's case-in-chief or rebuttal at the trial or were obtained from or belong to the defendant.

If the state has failed to comply with the discovery requirements,

> the court may order the state to permit the discovery or inspection, . . . grant a continuance, or, *upon a showing of prejudice and bad faith*, prohibit the state from introducing the evidence not disclosed . . . or may enter such other order as it deems just under the circumstances.

(Emphasis supplied.) OCGA § 17-16-6.

The record reveals that appellee Robert Jones was indicted for sexual exploitation of children based upon his possession of material depicting a minor engaged in sexually explicit conduct, OCGA § 16-12-100 (b) (8).[1] Jones opted into discovery pursuant to OCGA § 17-16-2 (a) and demanded the production and right to inspect physical

---

[1] The State later re-indicted Jones and alleged that he knowingly possessed 11 different computer graphic images depicting the lewd exhibition of the female sex organ of a minor female child. The trial court's order excluding the materials was entered and filed under the first indictment number. However, the state's initial notice of appeal referenced only the second indictment. Jones argues that this appeal should be dismissed because the notice of appeal was not filed under the correct case number. "While the notice of appeal may specify the wrong case number, the proper record . . . [has] been transmitted to us, indicating that the problem was corrected in the lower court. Thus, we see no reason to dismiss the appeal." *Gordon v. Weldon*,

evidence in the state's possession, including all physical evidence that the state intended to introduce at trial. When the state failed to produce the computer images by the date of the final plea calendar,[2] the trial court entered an order compelling the state to produce the subject material by January 23, 2006 and specifically warned that "[a]fter said date, if said tape has not been turned over in readable form, said tape shall be excluded from any trial of this matter."

On January 23, 2006, the case was called for a hearing. Although defense counsel had not been notified of the calendar and failed to appear, the prosecutor was present and announced that she was prepared to turn the subject material over to Jones' counsel on the condition that he sign a stipulated protective order.[3] However, the prosecutor admitted that she had made no effort to produce the subject material prior to the January 23, 2006 court-imposed deadline or to contact Jones' counsel regarding a stipulated protective order.

On February 14, 2006, the case was once again called for hearing. At this hearing, Jones' counsel informed the trial court that the state had not yet produced the subject materials. The prosecutor argued that a protective order was a necessary prerequisite to its production of the materials. The trial court ruled that compliance with its prior discovery order had not been conditioned upon the defendant's agreement to a protective order and excluded the state's videotape and

---

154 Ga. App. 531, 532 (1) (268 SE2d 796) (1980). See also OCGA § 5-6-30 (The Appellate Practice Act "shall be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case or refusal to consider any points raised therein.").

[2] The final plea calendar marked the date after which the trial court would not accept a negotiated plea.

[3] The state argues that its failure to produce the sexually explicit material was not motivated by bad faith, but rather was prompted by its reasonable belief that in the absence of a protective order, its production of the material would offend the provisions of OCGA § 16-12-100 (b) (5) and (8) regarding possession and dissemination of the prohibited materials. See also OCGA § 16-12-100 (d). A similar argument was advanced in *Alexander Properties Group v. Doe*, 280 Ga. 306, 309 (1) (626 SE2d 497) (2006), which was decided one day prior to the trial court's final hearing in this matter.

In that case, the Court held that OCGA § 16-12-100 (b) (5) does not make criminal the act of producing sexually explicit material in response to a court order or a request for discovery. The Court nevertheless noted that a trial court has discretion to enter a *limited* protective order should it determine such limitations are necessary. *Alexander Properties Group*, supra at 309 (1). See also *Tennille v. State*, 279 Ga. 884 (1) (622 SE2d 346) (2005) (noting that other states have "crafted means by which the defense can have meaningful access" to contraband materials "at the heart of the prosecution") (citations omitted); *State of Tennessee v. Butler*, 2005 WL 735080, *9 (Tenn. Crim. App. 2005); *State v. Second Judicial Dist. Court*, 120 Nev. 254, 262 (89 P3d 663) (2004); *Cervantes v. Cates*, 206 Ariz. 178, 185-186 (76 P3d 449) (2003); *Westerfield v. Superior Court*, 99 Cal. App.4th 994, 998 (121 Cal. Rptr.2d 402) (2002).

The state also argues that Jones was not prejudiced because sufficient time exists for production and review of the materials prior to trial.

photographs from evidence at trial. The trial court's order excluding the evidence contains no finding of either bad faith by the state or prejudice to Jones.

"[A] showing of bad faith and prejudice to the [defense] is required to warrant exclusion of evidence." (Footnote omitted.) *Brown v. State*, 268 Ga. App. 24, 27 (2) (601 SE2d 405) (2004). Here, "[t]he trial court made no specific finding that [the state] acted in bad faith and that [Jones] was prejudiced thereby. Absent those findings, the exclusion of the evidence was error." (Footnote omitted.) Id.

*Judgment reversed. Barnes, C. J., and Andrews, P. J., concur.*

DECIDED FEBRUARY 9, 2007.

*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellant.
*William P. Holley III*, for appellee.

