A09A0343. WARE v. THE STATE.
(679 SE2d 797)

BERNES, Judge.

Following a jury trial, Quinn Ware appeals his conviction for armed robbery and possession of a firearm during the commission of a felony. Ware argues that absent a finding of bad faith and prejudice, the trial court erroneously excluded the testimony of his alibi witness based upon his failure to give the state the statutory ten-day notice. We agree and reverse.

Viewed in the light most favorable to the guilty verdict,[1] the evidence presented at trial showed that on the afternoon in question, the victim was walking on the campus of Morehouse College when he

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

was approached by two males. As the taller male held a gun to his side, the shorter one asked the victim if he had a computer and searched the victim's backpack. The victim was looking into the face of the shorter suspect as they spoke. The assailants then took the victim's wallet and fled.

The victim went to an adjacent building and called the police. He later made a police report in which he described the gunman as tall and light-complexioned with a hat, and the other as short and darker-complexioned with "[u]nruly" hair.

The following day, the victim was having lunch in a restaurant near the college campus and recognized Ware as the shorter suspect. He went to the business across the street and called the police. When an officer arrived, the victim identified Ware, who was then placed under arrest. After Ware was transported to the precinct, given his *Miranda* rights, and informed of the charges against him, he stated, "you can't charge me with robbery because I didn't have the gun."

Ware's sole defense at trial was misidentification. He testified and maintained that he was at home with his mother during the robbery and could not have been the perpetrator. He also presented testimony from an expert witness who discussed factors that tend to make an eyewitness identification less reliable, and highlighted that several of those factors were present in this case.

1. Although not specifically enumerated as error, the above evidence was sufficient to sustain Ware's convictions on armed robbery and possession of a firearm during the commission of a felony. See OCGA §§ 16-8-41 (a) (armed robbery); 16-11-106 (b) (1) (possession of a firearm). See also OCGA § 16-2-20 (a) ("Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime."); *Wallace v. State*, 289 Ga. App. 497, 498-499 (657 SE2d 874) (2008) ("[T]he testimony of a single witness is generally sufficient to establish a fact, and this includes a victim's uncorroborated identification of an assailant.") (citation and punctuation omitted).

2. Ware opted for reciprocal discovery and the state made a demand that Ware provide notice of his intent to offer a defense of alibi. See OCGA §§ 17-16-2 (a); 17-16-5 (a). During the weekend prior to the trial, Ware's counsel faxed a notification to the state of his intention to call Ware's mother as an alibi witness. The state objected and moved to exclude the witness on the ground that the notice was untimely. Ware's counsel maintained that Ware's mother did not have a constant address or a telephone and that he simply could not reach her prior to trial. He contended that he had recently learned that she could corroborate Ware's testimony that Ware was with her on the day and time of the robbery. He further stated that she was in court and available to be interviewed by the state.

The trial court granted the state's request and excluded Ware's mother from testifying. Significantly, the trial court stated that its ruling was "based on the [c]ourt's finding, not of bad faith, but that the defense ha[d] failed to comply with the requirement for written notice of alibi."

Georgia law is clear that, upon a demand by the state, a defendant is required to disclose in writing an intention to rely upon an alibi defense. OCGA § 17-16-5 (a).[2] See *Tubbs v. State*, 276 Ga. 751, 752-753 (1) (583 SE2d 853) (2003). The trial court is authorized to impose various sanctions for violations of OCGA § 17-16-5, the most severe of which is the exclusion of the defendant's evidence:

> If at any time during the course of the proceedings it is brought to the attention of the court that the defendant has failed to comply with the requirements of [OCGA § 17-16-5], the court may order the defendant to permit the . . . interview of the witness, grant a continuance, or, *upon a showing of prejudice and bad faith*, prohibit the defendant from . . . presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances.

(Emphasis supplied.) OCGA § 17-16-6. By the plain terms of the statute, however, the sanction of exclusion is reserved for instances in which the trial court finds prejudice to the state and bad faith by the defense. Id.; *Brown v. State*, 268 Ga. App. 24, 27 (2) (601 SE2d 405) (2004) ("[A] showing of bad faith and prejudice to the state is required to warrant exclusion of evidence.") (footnote omitted). See also *Tubbs*, 276 Ga. at 753 (2); *Massey v. State*, 272 Ga. 50, 51-52 (4) (525 SE2d 694) (2000).

In light of the trial court's express declaration that its exclusion of the witness was not based upon a finding of bad faith, the trial court erred. See *State v. Jones*, 283 Ga. App. 539, 540-541 (642 SE2d 183) (2007). See also *Massey*, 272 Ga. at 51-52 (4); *Hill v. State*, 232 Ga. App. 561, 562 (502 SE2d 505) (1998). Because Ware's sole defense was that he was misidentified by the victim and he intended to call his mother to corroborate his testimony that he was with her at the time of the crime, we cannot say that the exclusion was

---

[2] OCGA § 17-16-5 (a) provides, in pertinent part:
Upon written demand by the prosecuting attorney[,] . . . the defendant shall serve within . . . ten days prior to trial . . . upon the prosecuting attorney a written notice of the defendant's intention to offer a defense of alibi. Such notice by the defendant shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names, addresses, dates of birth, and telephone numbers of the witnesses, if known to the defendant, upon whom the defendant intends to rely to establish such alibi unless previously supplied.

harmless. Compare *Massey*, 272 Ga. at 52 (4); *Brown*, 268 Ga. App. at 27-28 (2).

3. We do not address Ware's remaining allegation of error as it is not likely to recur on retrial.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED JUNE 5, 2009.

*Little, Crumly & Chambliss, Samuel F. Little, Jr.*, for appellant.
*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellee.