In the Supreme Court of Georgia

Decided:   November 3, 2014

S14F1711.  FLADGER v. FLADGER.

NAHMIAS, Justice.

Appellant Kelly Fladger (Father) and appellee Monica Fladger (Mother) were married in September 1994.  Their marriage produced two children, who were ages ten and six when Mother filed for divorce in 2011.  After a bench trial, the trial court entered an order of divorce on December 13, 2012, and then amended the order on December 5, 2013.  In this discretionary appeal granted under OCGA § 5-6-35 and this Court's Rule 34 (4), Father challenges the amount of child support he has been ordered to pay, which was calculated in part using a high-income deviation.  We reverse that portion of the divorce order and remand for the trial court to make all of the written findings that the child support statute requires before such a deviation may be applied.

1.      The December 13, 2012 divorce order made Mother the custodial parent and said the following regarding child support:

The Mother earns $5,097.35 monthly as a teacher in the Gwinnett County Public Schools. The Father's 2011 income was $639,573.38. He earned approximately $674,000 in 2010. The Father shall pay child support in the amount of $5,052.00 monthly, to commence on January 1, 2013. . . .

The child support worksheet filed with the order showed that, based on Father's monthly gross and adjusted income of $54,166, he had a 91.4% share of the parties' total adjusted income.[1] Father's presumptive child support amount was $3,051.83. This amount represents $2,802.32, or 91.4% of $3,066, the maximum basic child support amount for two children set by OCGA § 19-6-15 (o), plus an upward adjustment of $416.18 and a downward adjustment of $166.67 for expenses that are not at issue here. The trial court then applied a $2,000 upward deviation based on Father's high income.[2] The spaces provided

_____

[1] On appeal, Father does not challenge the trial court's findings as to his gross income. At trial, the parties disputed Father's income based largely on how to treat his stock options. Father presented testimony and paystubs indicating that his salary as an executive, plus bonuses, gave him a monthly gross income of about $28,000, or about $336,000 annually. Mother, however, presented tax documents showing that Father's company also gave him regular grants of stock options, which made his gross annual income 674,603.52 in 2010, $762,516.59 in 2011, and $857,530.09 in 2012. She also submitted Father's W-2 form for 2011, which showed that he received $639,573.38 in compensation.

[2] The schedule of basic child support obligations in § 19-6-15 (o) lists the basic child support obligations for parents with a combined adjusted income of up to $30,000 per month ($360,000 per year). OCGA § 19-6-15 (i) (2) (A) says that when the combined adjusted income of the parents exceeds $30,000 per month,

the court shall set the basic child support obligation at the highest amount allowed

2

on the worksheet for the factual findings necessary to support a deviation, however, were left blank.[3] The divorce order reserved the issue of attorney fees, so it was not yet a final judgment.

On April 10, 2013, Father filed a motion to amend the divorce order, alleging, among other things, that the high-income deviation was not supported by the evidence and that the trial court failed to make the findings required to support the deviation. On July 10, 2013, the court denied the motion to amend on the ground that it was filed outside the term of court in which the order was rendered, which expired at the end of December 2012. On July 11, 2013, the court entered an order granting attorney fees to Mother. Father then filed a timely motion for new trial and a motion under OCGA § 9-11-60 (d) to set aside the divorce order as well as the order denying his motion to amend the divorce

---

by the child support obligation table but the court or the jury may consider upward deviation to attain an appropriate award of child support for high-income parents which is consistent with the best interest of the child.

[3] The worksheet says, "No Deviations are permitted under the law unless all three questions below . . . have been answered." The questions that follow are: "Would the presumptive amount be unjust or inappropriate? Explain."; "Would deviation serve the best interests of the children for whom support is being determined? Explain."; "Would deviation seriously impair the ability of the CUSTODIAL Parent or NONPARENT Custodian to maintain minimally adequate housing, food and clothing for the children being supported by the order and to provide other basic necessities? Explain."

order, repeating, among other things, his claim that the high-income deviation was not supported by the evidence or the required findings. On October 4, 2013, after an evidentiary hearing for which there is no transcript in the record, the trial court denied Father's motions as to all claims except his child support claim, on which the court deferred ruling.[4]

On December 5, 2013, the trial court amended the December 2012 divorce order to add the following:

> The Court finds as a matter of fact that [Father] earned approximately $674,000.00 in 2010 and approximately $639,573.00 in 2011. Thus, [Father's] average monthly income for those years was approximately $54,732.00. The Mother earns approximately $5,097.00 as a public school teacher in the Gwinnett County Public Schools. The Court thereby finds as a matter of fact that a high income deviation is warranted both by the respondent's high income and by the disparity in the parties' incomes. The Court finds that, pursuant to O.C.G.A. Sec. 19-6-15, the amount of the presumptive amount of child support would be inappropriate and that the best interest of the children will be served by deviation due to the respondent's high income, said deviation being the $2,000.00 that the Court assessed over and above the $3,051.83.

Father filed a timely discretionary application seeking to appeal the now-

---

[4] On November 4, 2013, Father filed a discretionary application to appeal the divorce order, which this Court dismissed on November 19, 2013, on the ground that the divorce order was not a final judgment because the trial court had deferred ruling on the child support issue and Father had not followed the procedures required for an interlocutory appeal. See OCGA § 5-6-34 (b).

final judgment of divorce, and in particular the December 2013 amendment. We granted the application and directed the parties to address whether the trial court erred by failing to make sufficient findings in support of its deviation from the presumptive amount of child support under OCGA § 19-6-15 (c) (2) (E) and (i).

2.     OCGA § 19-6-15 (c) (2) (E) says that if the trial court determines that a deviation from the presumptive child support amount is applicable, the court shall include in the final divorce judgment "written findings of fact" that must set forth:

> (i) The reasons the court . . . deviated from the presumptive amount of child support;
> (ii) The amount of child support that would have been required under this Code section if the presumptive amount of child support had not been rebutted; and
> (iii) A finding that states how the court's . . . application of the child support guidelines would be unjust or inappropriate considering the relative ability of each parent to provide support and how the best interest of the child who is subject to the child support determination is served by deviation from the presumptive amount of child support . . . .[5]

---

[5] OCGA § 19-6-15 (i) (1) (B) similarly provides:

When ordering a deviation from the presumptive amount of child support, the court . . . shall consider all available income of the parents and shall make written findings . . . that an amount of child support other than the amount calculated is reasonably necessary to provide for the needs of the child for whom child support is being determined and the order . . . shall state:
        (i) The reasons for the deviation from the presumptive amount of child

The final divorce judgment in this case, which includes the original divorce order, its amendment, and the associated child support worksheet, meets the first two of these three requirements. The amended order states "[t]he reasons the court . . . deviated from the presumptive amount of child support" by making findings as to Father's and Mother's incomes – which show that their combined gross income was nearly double the $30,000 per month maximum accounted for in the statutory schedule and that Father's income is more than ten times what Mother earns – and explaining that "a high income deviation is warranted both by [Father's] high income and by the disparity in the parties' incomes." And the worksheet lists "[t]he amount of child support that would have been required" absent the deviation – $3,053.87 per month.

The trial court failed, however, to set forth findings that satisfy the third statutory requirement. Although the court recited that "the presumptive amount

support;
(ii) The amount of child support that would have been required under this Code section if the presumptive amount of child support had not been rebutted; and
(iii) How, in its determination:
(I) Application of the presumptive amount of child support would be unjust or inappropriate; and
(II) The best interest of the child for whom support is being determined will be served by deviation from the presumptive amount of child support.

6

of child support would be inappropriate and that the best interest of the children will be served by deviation due to the respondent's high income," the court failed to explain *"how* the . . . application of the child support guidelines would be unjust or inappropriate" and *"how* the best interest of the child . . . is served by deviation from the presumptive amount of child support." OCGA § 19-6-15 (c) (2) (E) (iii) (emphasis added). Accord OCGA § 9-6-15 (i) (1) (B) (iii).

A fundamental purpose of the child support guidelines is "to achieve the state policy of affording to children of unmarried parents, to the extent possible, the same economic standard of living enjoyed by children living in intact families consisting of parents with similar financial means." OCGA § 19-6-15 (c) (1). Mother argues that this codified purpose combined with the trial court's written findings regarding Father's and Mother's incomes in the two years preceding the original divorce order *implies* a finding that the $2,000 high-income deviation added by the court is appropriate and in the best interest of the children, because otherwise Mother would not be able to provide the same economic standard of living the children enjoyed when supported by both parents' income. This implication may be supported by the reasonable assumption that, in the absence of evidence to the contrary, the basic amount of

7

child support for families with a combined income of $30,000 per month – the maximum income for which the guidelines set a basic child support obligation – will not afford the "same economic standard of living" enjoyed by the children whose best interest is at issue here, who previously lived in a household with a combined income of almost $60,000 per month.[6]

When reviewing deviations from the guidelines the General Assembly has enacted for child support determinations, however, we cannot rely on implications or our own assumptions. The trial court's written findings must connect the dots to explain – if this is, in fact, why the court deviated – that applying the presumptive amount of child support would be inappropriate here *because* it would result in a substantial decrease in the children's standard of living and that the $2,000 high-income deviation is in the best interest of the children *because* it will give them, "to the extent possible, the same economic standard of living enjoyed by children living in intact families" with parents earning about $60,000 per month.

Because the trial court failed to make all of the necessary written findings,

---

[6] Indeed, if the child support award were calculated again using only the portion of the parties' income exceeding $30,000 per month ($29,829), Father would owe another $2,795 – more than the deviation the trial court applied.

8

we must reverse the child support award made in the divorce order as amended and remand the case for the court, if it is to apply a high-income or other deviation, to first make written findings that explain *how* the application of the presumptive child support amount would be unjust or inappropriate considering the relative ability of each parent to provide support and *how* the best interest of the children is served by the deviation. See Strunk v. Strunk, 294 Ga. 280, 282 (754 SE2d 1) (2013) ("Because the trial court failed to make all of the necessary findings of fact required by the statute, we reverse the judgment related to this issue and remand for the trial court to redetermine the child support award and support any [ ] deviation with the mandatory written findings.").[7] We therefore do not reach Father's second enumeration of error –

---

[7] The dissent would overlook the trial court's failure to comply with the literal requirements of the child support statute. In a long line of precedents, however, this Court has insisted that trial courts fully comply with the statutory prerequisites for deviations, even when ensuring such compliance requires extending the proceeding and may have a de minimis effect on the amount of child support ultimately awarded.

> Since the revised child support guidelines took effect in July 2008, this Court has repeatedly emphasized the statute's clear directive that the[] written findings must be included in the final child support order if a deviation is made. We have described the written findings as "mandatory" and held that, when any of the required findings are omitted, we have no choice but to "reverse the trial court's judgment and remand th[e] case to the trial court for further proceedings." Holloway v. Holloway, 288 Ga. 147, 149 (702 SE2d 132) (2010). Accord Stowell v. Huguenard, 288 Ga. 628, 632 (706 SE2d 419) (2011) . . . ; Turner v. Turner, 285 Ga. 866, 867 (684 SE2d 596 (2009) . . . . We have reversed child support orders even when we presumed that the

9

his claim that the evidence did not justify the application of a high-income deviation – although we note that we did not grant his discretionary application to review that issue and that the evidence in the record appears to support such a deviation. See Black v. Black, 292 Ga. 691, 697 (740 SE2d 613) (2013) (explaining that we "'review the decision to deviate, or not to deviate, from the presumptive amount of child support under the abuse of discretion standard'" and in so doing, we "'review any findings based on disputed facts or witness credibility under the clearly erroneous standard'" (citation omitted)). See also Fine v. Fine, 281 Ga. 850, 852-853 (642 SE2d 698) (2007) (explaining that where there is no transcript of an evidentiary hearing, this Court will presume

---

evidence supported the trial court's actions because there was no transcript of the proceedings, see Spurlock v. Dept. of Human Resources, 286 Ga. 512, 515 (690 SE2d 378) (2010) ("'Even presuming the evidence supported the trial court's actions, we must first have the required findings of fact for review so that we know that the court considered the correct factors in exercising its discretion.'"), and even when the amount of the deviation could be characterized as de minimis, see Holloway, 288 Ga. at 148-149 (reversing and remanding where the final child support order required payments of only $18 less than the presumptive amount of $1,018, because the trial court did not include the written findings necessary to support the deviation).

Brogdon v. Brogdon, 290 Ga. 618, 623-624 (723 SE2d 421) (2012). See also Black v. Black, 292 Ga. 691, 698 & n.7 (740 SE2d 613) (2013) (remanding in part for failure to make findings in support of $27 per month deviation); Walls v. Walls, 291 Ga. 757, 761-762 (732 SE2d 407) (2012) (remanding in part for failure to make findings to support a $83.20 per month deviation), disapproved of on other grounds, McCarthy v. Ashment-McCarthy, 295 Ga. 231, 233 n.1 (758 SE2d 306) (2014).

that evidence was presented to support the trial court's ruling).  The remaining provisions of the divorce judgment, which are not challenged by either party, are affirmed.

In closing, we note that, *on appeal*, Mother has articulated how the application of the presumptive child support amount would be inappropriate and how the best interest of the children is served by a high-income deviation in this case.  That reasoning, however, is not similarly articulated in the trial court's original or amended order, and Mother never offered it to the trial court, in the form of proposed findings of fact or otherwise, even when Father repeatedly focused on the absence of the required deviation findings in the motions he filed after the original divorce order was entered.  To avoid the delay and expense of appeals and proceedings on remand, parties asking trial courts to apply deviations in child support awards should assist busy judges in ensuring that all of the written findings necessary to support such deviations have been included in the child support judgment.

Judgment affirmed in part and reversed in part, and case remanded with direction.  All the Justices concur, except Hunstein, J., who dissents.

11

S14F1711.  FLADGER v. FLADGER.

HUNSTEIN, Justice, dissenting.

The majority adopts a needlessly literalistic construction of the child support statute in reaching a conclusion that will have no practical effect other than to prolong this divorce litigation.  The result here takes the worthy goal of statutory compliance to the extreme and, in so doing, delays resolution of the parties' divorce and disserves the children whose best interests the majority claims to be protecting.  I see no need for the trial court to further "connect the dots" as to its reasoning supporting the deviation, which is patently obvious from the written findings the trial court made in the December 2013 amendment. Accordingly, I must respectfully dissent.