**FIRST DIVISION
BARNES, P. J.,
GOBEIL and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

_DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES._

**June 16, 2021**

# In the Court of Appeals of Georgia

A21A0847. FIRST MERIT CREDIT SERVICES v. FAIRWAY AVIATION, LLC et al.

Barnes, Presiding Judge.

First Merit Credit Services appeals the trial court's order denying its petition for scire facias to revive a dormant foreign judgment on the ground that the petition was time-barred. According to First Merit, the trial court failed to consider an entry on the general execution docket that it alleges restarted the applicable limitations period. First Merit also contends that the limitations period was tolled for 122 days based on the emergency order issued by the Chief Justice of the Georgia Supreme Court in response to the COVID-19 pandemic and the extensions of that order. For the reasons discussed below, we vacate the trial court's order and remand for further proceedings consistent with this opinion.

The relevant facts are undisputed. On December 14, 2009, the United States District Court for the Northern District of Ohio entered judgment in favor of First Merit and against Fairway Aviation, LLC, Matthew C. Gilley, Patrick Clay Gilley, and Paschal Gilley, Jr. (collectively, the "defendants") in the principal amount of $1,276,657.86 (the "Ohio Judgment"). First Merit subsequently filed a petition in the Superior Court of Fayette County to domesticate the Ohio Judgment under the Uniform Enforcement of Foreign Judgments Law ("UEFJL"), OCGA § 9-12-130 et seq., and the trial court granted the petition and domesticated the judgment on August 13, 2010. The trial court directed the clerk of court to issue a writ of fieri facias, which the clerk issued. The writ of fieri facias was recorded on the Fayette County general execution docket on October 18, 2010.

On October 23, 2020, First Merit filed a petition for scire facias to revive the Ohio Judgment in the Superior Court of Fayette County.[1] Five days later, on October 28, 2020, the trial court denied the petition. In its order, the trial court concluded that the petition was time-barred under OCGA §§ 9-12-60 and 9-12-61 because the

---

[1] First Merit previously filed a petition for scire facias that was voluntarily dismissed before service was perfected. That prior petition is not at issue in this appeal. First Merit does not contend that its October 23 petition constituted a renewal of its prior petition under OCGA § 9-2-61 (a).

limitations period for enforcing the Ohio Judgment expired on December 14, 2019, ten years after the foreign judgment was rendered. This appeal by First Merit followed.

1. As an initial matter, the defendants contend that First Merit's appeal should be dismissed as untimely. Although the defendants did not file a separate motion to dismiss the appeal as required by our rules,[2] "[i]f this Court finds that it has no jurisdiction over an appeal, it has the authority to dismiss the appeal on its own motion." *Trey Inman & Assoc. v. Bank of America, N. A.*, 306 Ga. App. 451, 455 (1) (702 SE2d 711) 715 (2010).

In general, a notice of appeal must be filed within 30 days after entry of the judgment sought to be appealed. OCGA § 5-6-38 (a); *Adams v. State*, 234 Ga. App. 696, 696 (1) (507 SE2d 538) (1998). "The timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. It follows that, if no proper and timely notice of appeal has been filed, then we must dismiss the appeal for lack of jurisdiction." (Citations and punctuation omitted.) *Harned v. Piedmont Healthcare*

---

[2] See Court of Appeals Rule 41 (b) ("All motions and responses to motions shall be filed as separate documents, and not as joint, compound, or alternative motions. No motions or responses to motions shall be filed in the body of briefs, applications, or responses to applications. . . .").

*Foundation*, 356 Ga. App. 870, 871-872 (849 SE2d 726) (2020).

First Merit filed its notice of appeal on November 24, 2020, within 30 days of entry of the trial court's order denying its scire facias petition. However, the defendants contend that the notice was void and fatally defective because it listed the wrong superior court case number. We disagree.

Pursuant to OCGA § 5-6-37, a notice of appeal should include, among other things, "the title and docket number of the case" and "a concise statement of the judgment, ruling, or order entitling the appellant to take an appeal."[3] But the rules of appellate practice "shall be liberally construed so as to bring about a decision on the

---

[3] OCGA § 5-6-37 provides in part:

> Unless otherwise provided by law, an appeal may be taken to the Supreme Court or the Court of Appeals by filing with the clerk of the court wherein the case was determined a notice of appeal. The notice shall set forth the title and docket number of the case; the name of the appellant and the name and address of his attorney; a concise statement of the judgment, ruling, or order entitling the appellant to take an appeal; the court appealed to; a designation of those portions of the record to be omitted from the record on appeal; [and] a concise statement as to why the appellate court appealed to has jurisdiction rather than the other appellate court[.] . . . The appeal shall not be dismissed nor denied consideration because of failure to include the jurisdictional statement or because of a designation of the wrong appellate court. In addition, the notice shall state whether or not any transcript of evidence and proceedings is to be transmitted as a part of the record on appeal. . . .

4

merits of every case appealed and to avoid dismissal of any case or refusal to consider any points raised therein." OCGA § 5-6-30. To that end,

> [w]here it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed. . . . .

OCGA § 5-6-48 (f). Moreover, if a notice of appeal contains an incorrect case number, where "the proper record and transcript have been transmitted to us, indicating that the problem was corrected in the lower court," we will not dismiss the appeal. *Gordon v. Weldon*, 154 Ga. App. 531, 532 (1) (268 SE2d 796) (1980). See *State v. Jones*, 283 Ga. App. 539, 539, n. 1 (642 SE2d 183) (2007).

Although First Merit's notice of appeal specified the wrong superior court case number, the notice included the correct title of the case, accurately recited that the trial court's October 28, 2020 order denying the scire facias petition was the order from which appeal was being sought, and otherwise complied with OCGA § 5-6-37. The proper record also was transmitted to this Court. Furthermore, it is obvious from the notice of appeal, enumeration of error, and underlying record that First Merit

5

sought to appeal the October 28 order. Accordingly, inclusion of the erroneous superior court case number in the notice of appeal clearly was not a fatal defect and did not necessitate dismissal. See OCGA §§ 5-6-30; 5-6-48 (f); *Jones*, 283 Ga. App. at 539, n. 1 (inclusion of wrong case number did not render the appeal subject to dismissal); *Gordon*, 154 Ga. App. at 532 (1) (same).

In any event, First Merit later amended its notice of appeal to correct the erroneous superior court case number. "If an error appears in the notice of appeal, the court shall allow the notice of appeal to be amended at any time prior to judgment to perfect the appeal so that the appellate court can and will pass upon the appeal and not dismiss it." OCGA § 5-6-48 (d). Hence, First Merit's appeal was not subject to dismissal for the additional reason that its notice of appeal was properly amended to cure the defect. See *In re Burton*, 271 Ga. 491, 492-493 (1) (521 SE2d 568) (1999) (denying motion to dismiss appeal, where original notice of appeal failed to specify definitely the order that was the appealable judgment, but amended notice of appeal corrected the error); *Adams v. State*, 234 Ga. App. 696, 696 (1) (507 SE2d 538) (1998) (rejecting argument that appeal should be dismissed as untimely, where original notice of appeal was timely filed but designated the wrong appellate court, and appellant amended the notice of appeal to correct the inaccuracy).

6

For these reasons, the defendants' argument that the appeal should be dismissed is without merit.

2. First Merit contends that the trial court erred in denying its petition for scire facias on the ground that enforcement of the Ohio Judgment was time-barred under OCGA §§ 9-12-60 and 9-12-61.

Title 9, Chapter 12, Article 3 of the Georgia Code addresses the dormancy and revival of judgments. More specifically, OCGA § 9-12-60 (a) provides that a judgment becomes dormant and unenforceable:

> (1) When seven years shall elapse after the rendition of the judgment before execution is issued thereon and is entered on the general execution docket of the county in which the judgment was rendered;

> (2) Unless entry is made on the execution by an officer authorized to levy and return the same and the entry and the date thereof are entered by the clerk on the general execution docket within seven years after issuance of the execution and its record; or

> (3) Unless a bona fide public effort on the part of the plaintiff in execution to enforce the execution in the courts is made and due written notice of such effort specifying the time of the institution of the action or proceedings, the nature thereof, the names of the parties thereto, and the name of the court in which it is pending is filed by the plaintiff in

7

execution or his attorney at law with the clerk and is entered by the clerk on the general execution docket, all at such times and periods that seven years will not elapse between such entries of such notices or between such an entry and a proper entry made as prescribed in paragraph (2) of this subsection.

Entry on the general execution docket in accordance with paragraph (1), (2), or (3) of OCGA § 9-12-60 (a) "shall institute a new seven-year period within which the judgment shall not become dormant." OCGA § 9-12-60 (b).[4] See *Corzo Trucking Corp. v. West*, 296 Ga. App. 399, 401 (1) (674 SE2d 414) (2009) (pointing out that "a judgment becomes dormant seven years from the date of the last entry upon the execution docket"). Once a judgment becomes dormant, OCGA § 9-12-61 provides that the judgment "may be renewed or revived by an action or by scire facias, at the option of the holder of the judgment, within three years from the time it becomes

---

[4] OCGA § 9-12-60 (b) provides:

> The record of the execution made as prescribed in paragraph (1) of subsection (a) of this Code section or of every entry as prescribed in paragraph (2) or (3) of subsection (a) of this Code section shall institute a new seven-year period within which the judgment shall not become dormant, provided that when an entry on the execution or a written notice of public effort is filed for record, the execution shall be recorded or rerecorded on the general execution docket with all entries thereon. It shall not be necessary in order to prevent dormancy that such execution be entered or such entry be recorded on any other docket.

8

dormant."[5] OCGA §§ 9-12-60 and 9-12-61 therefore "operate in tandem as a ten-year statute of limitation for the enforcement of Georgia judgments," such that "although a judgment becomes dormant seven years from the date of the last entry upon the execution docket, it does not expire until ten years after that date." (Citations and punctuation omitted.) *Automotive Credit Corp. v. White*, 344 Ga. App. 321, 323 (810 SE2d 166) (2018). See *Corzo Trucking Corp. v. West*, 281 Ga. App. 361, 362-363 (636 SE2d 39) (2006).

The fact that this case involves an Ohio judgment, which was later filed in the superior court, does not change our analysis. Under the UEFJL, "[a] filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying as a judgment of the court in which it is filed and may be enforced or satisfied in like manner." OCGA § 9-12-132.[6]

_____

[5] "A scire facias resembles a summons and directs the defendant to appear in the issuing court on a certain date and to show cause why the identified judgment should not be revived and an execution be issued." *Popham v. Jordan*, 278 Ga. App. 254, 254-255 (1) (628 SE2d 660) (2006).

[6] A "foreign judgment" under the UEFJL includes a judgment entered by a federal district court in a different state that is subsequently filed in a Georgia court. See OCGA § 9-12-131 ("As used in this article, the term "foreign judgment" means a judgment, decree, or order of a court of the United States or of any other court that

9

The UEFJL thus provides a summary procedure for endowing a filed foreign judgment with the same effect as a judgment of the court in which it is filed. It is not a new action but merely picks up where it was left off in the state where rendered. Any litigation ensuing is limited to that which is afforded any other Georgia judgment.

(Citation and punctuation omitted.) *Corzo Trucking Corp.*, 281 Ga. App. at 362. See *Wright v. Tr. Co. Bank*, 219 Ga. App. 551, 552 (466 SE2d 74) (1995) (foreign judgment filed in accordance with the UEFJL "stands in the same shoes as a judgment of the court in which it is filed"). Hence, the limitations period imposed by OCGA §§ 9-12-60 and 9-12-61 applies to filed foreign judgments and "begins to run when the foreign judgment is rendered. To hold otherwise would mean that the foreign judgment would not have the same effect as a Georgia judgment or be subject to the same defenses as a Georgia judgment[.]" (Citations and punctuation omitted.) *Automotive Credit Corp.*, 344 Ga. App. at 323. See *Corzo Trucking Corp.*, 281 Ga. App. at 364. Accordingly, a foreign judgment filed in Georgia under the UEFJL is extinguished ten years after it was rendered if there has been neither an entry on the general execution docket under OCGA § 9-12-60 (a) nor a renewal under OCGA §

_____

is entitled to full faith and credit in this state.").

10

9-12-61. *Automotive Credit Corp.*, 344 Ga. App. at 323; *Corzo Trucking Corp.*, 281 Ga. App. at 364.

In the present case, the trial court, in denying First Merit's scire facias petition seeking to enforce the Ohio Judgment as time-barred, reasoned as follows:

> The Court's review of the record in the original case shows that the [Ohio Judgment] was rendered on December 14, 2009. . . . [T]he seven (7) year dormancy clock began counting down immediately thereafter. The record in that case . . . does not show an "entry . . . made on the execution by an officer authorized to levy and return the same and the entry and the date thereof . . . entered by the clerk on the general execution docket . . ." as set forth in OCGA § 9-12-60 (a) (2). Nor does it show a "bona fide public effort on the part of the plaintiff in execution to enforce the execution in the courts . . . and due written notice of such effort specifying the time of the institution of the action or proceedings, the nature thereof, the names of the parties thereto, and the name of the court in which is it pending is filed . . . with the clerk and is entered by the clerk on the general execution docket" as specified in OCGA § 9-12-60 (a) (3). Without proof of those events demonstrated on the record, the domesticated judgment became vacant exactly seven (7) years after entry [of the Ohio Judgment], on December 14, 2016.
>
> By and through OCGA § 9-12-61, [First Merit] had the option of seeking to renew or revive the action until December 14, 2019. [First Merit] did not do so. . . .

On appeal, First Merit contends that the trial court erred in concluding that the limitations period for enforcing the Ohio Judgment began on December 14, 2009 and expired on December 14, 2019. Rather, First Merit argues that pursuant to OCGA § 9-12-60 (a) (1), the initial seven-year dormancy period restarted on October 18, 2010 because on that date, the writ of fieri facias (i.e., writ of execution)[7] that First Merit obtained from the superior court clerk was entered on Fayette County's general execution docket. See OCGA § 9-12-60 (a) (1), (b); *Automotive Credit Corp.*, 344 Ga. App. at 323 (dormancy period expires if seven years elapse "before execution is issued thereon and is entered on the general execution docket") (citation and punctuation omitted); *Taylor v. Peachbelt Properties*, 293 Ga. App. 335, 339 (2) (667 SE2d 117) (2008) (judgment became dormant "upon the expiration of seven years after the issuance of the writ of execution and its recordation"). First Merit acknowledges that ten years from the entry made on the general execution docket fell

---

[7] "A writ of fieri facias and an execution are synonymous in Georgia law. Executions are issued for the purpose of authorizing sheriffs and their lawful deputies to proceed with levy on real and personal property." (Citations omitted.) *Black v. Black*, 245 Ga. 281, 282 (2) (264 SE2d 216) (1980). "Such a writ is '[a] writ of execution commanding the sheriff to levy and make the amount of a judgment from the goods and chattels of the judgment debtor.'" *Bank South, N.A. v. Roswell Jeep Eagle*, 200 Ga. App. 489, 492 (4) (408 SE2d 503) (1991), quoting Black's Law Dictionary, 5th ed.

on October 18, 2010 and that it filed its scire facias petition a few days later on October 23, 2020. But First Merit argues that the limitations period was tolled for 122 days from March 14, 2020 to July 14, 2020 based on the emergency order issued by the Chief Justice of the Georgia Supreme Court in response to the COVID-19 pandemic and its subsequent extensions.[8] Consequently, First Merit asserts that its petition for scire facias to enforce the Ohio Judgment was timely under OCGA § 9-12-60 (a) (1) and (b) and OCGA § 9-12-61, when read in conjunction with the Chief Justice's emergency order and its extensions.

Because the trial court denied First Merit's petition five days after it was filed

---

[8] On March 14, 2020, the Chief Justice entered an order declaring a statewide judicial emergency in light of "the continued transmission of the Coronavirus/COVID-19 throughout the State and the potential infection of those who work in or are required to appear in our courts." See OCGA § 38-3-61 (a). Among other things, the emergency order suspended or tolled, during the period of the order, "any deadlines or other time schedules or filing requirements imposed by otherwise applicable statutes, rules, regulations, or court orders, whether in civil or criminal cases or administrative matters, including, but not limited to any[ ] . . . statute of limitation." See OCGA 38-3-62 (1). The emergency order subsequently has been extended several times. In his third emergency order issued on June 12, 2020, the Chief Justice reimposed deadlines imposed on litigants by statutes, rules, regulations, and court orders with certain exceptions and conditions, including that "[t]he 122 days between March 14 and July 14, 2020, or any portion of that period in which a statute of limitation would have run, shall be excluded from the calculation of that statute of limitation." The 122-day tolling provision has been included in all subsequent extensions of the emergency order.

13

without hearing from the parties, First Merit was never afforded an opportunity to raise the aforementioned arguments in the court below. Moreover, the trial court considered only whether the seven-year dormancy period had been restarted under OCGA § 9-12-60 (a) (2) and (3), without considering whether the dormancy period had been restarted based on an entry made on the general execution docket under OCGA § 9-12-60 (a) (1). See OCGA § 9-12-60 (b) (entry of execution on docket under paragraphs (1), (2), *or* (3) of subsection (a) "shall institute a new seven-year [dormancy] period"). Nor did the trial court consider whether or to what extent the Chief Justice's emergency order and extensions affected the calculation of the limitations period.

> Our appellate courts are courts for the correction of errors of law committed in the trial court. . . . Although under the "right for any reason" rule this court will affirm the correct ruling of a trial court on grounds not addressed below, we do not apply a "wrong for any reason" rule to reverse incorrect rulings on issues not raised or ruled upon in the trial court.

(Citations and punctuation omitted.) *Lowery v. Atlanta Heart Assoc.*, 266 Ga. App. 402, 404-405 (2) (597 SE2d 494) (2004). First Merit's arguments are "therefore beyond our proper scope of review" until the trial court rules on them. *Holcomb*

14

*Investments Ltd. v. Keith Hardware*, 354 Ga. App. 270, 274 (1) (840 SE2d 646) (2020). Accordingly, because First Merit was never given an opportunity to raise its arguments in the court below, we vacate the trial court's order denying First Merit's scire facias petition and remand for the court to consider those arguments in the first instance. See *Earls v. Aneke*, 350 Ga. App. 455, 460-461 (1) (829 SE2d 661) (2019) (vacating and remanding where trial court "never considered [the appellant's] true argument"); *Classic Commercial Svcs. v. Baldwin*, 336 Ga. App. 183, 189-190 (2) (784 SE2d 44) (2016) (concluding that trial court's sua sponte ruling was premature, where court "should have considered" additional question and given the appellant an opportunity to be heard before reaching its final determination); *Hafer v. Lowry*, 320 Ga. App. 76, 78 (739 SE2d 84) (2013) (vacating and remanding where "the trial court deprived [the appellant] of a meaningful opportunity to be heard").

*Judgment vacated and case remanded with direction. Gobeil and Markle, JJ., concur*.