**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 28, 2025**

# In the Court of Appeals of Georgia

A25A1225. COOK v. TURNER.

MARKLE, Judge.

In this discretionary appeal, George Cook appeals from the trial court's order increasing his child support payments. Cook argues that the trial court erred by (1) increasing his child support by deviating upward from the calculated presumptive amount without first determining if that amount would be unjust or inappropriate; (2) failing to give a sufficient reason for the upward deviation; (3) including child care costs on the child support schedule; (4) failing to modify the portion of uninsured medical expenses each party should pay; (5) requiring an income deduction order; (6) failing to lower his child support obligation where his income had decreased and the mother's had increased; and (7) increasing his child support payments where the

mother never sought an increase and where he was not on notice the amount might increase. Because the trial court failed to set forth in its order its factual findings to support a deviation from the presumptive amount of child support, as required under OCGA § 19-6-15 (i) (1) (B), we reverse the trial court's order and remand the case for further proceedings consistent with this opinion.

> We review a trial court's ruling on a petition to modify child support for abuse of discretion, and we will uphold the factual findings underlying the ruling if they are supported by any evidence. The trial court's application of the law to the facts is reviewed de novo.

(Citations omitted.) *Perez v. Cunningham*, 355 Ga. App. 393, 394 (844 SE2d 253) (2020).

So viewed, the record shows that Cook and his former wife, Julie Turner, divorced in 2021, and the final divorce decree required Cook to pay monthly child support for the couple's two children in the amount of $2,305 per month. In April 2024, Cook filed a petition to decrease the child support amount on the grounds that his income had declined while Turner's income had increased. Cook also requested that the trial court deduct the day care amount from his payments, and he asked for a change in the medical payment arrangement.

Following a hearing, the trial court entered its order, finding that Cook's gross monthly income was $13,476, while Turner's was $4,251. The trial court attached to the order the child support addendum[1] and worksheet, which found that the presumptive amount of Cook's child support was $2,206.86. Despite the presumptive amount, the trial court increased Cook's monthly payment to $2,500; an upward deviation of $293 per month. Cook filed a timely discretionary application, which we granted, and this appeal followed.

1. In related arguments, Cook contends that the trial court erroneously increased his obligation from $2,305 per month to $2,500 a month — an upward deviation from the presumptive amount set forth in OCGA § 19-6-15 (o) — without making the necessary finding that the presumptive amount was unjust or inappropriate. Citing *Calloway-Spencer v. Spencer*, 355 Ga. App. 743, 747-748 (5) (845 SE2d 715) (2020), and OCGA § 19-6-15 (i) (1) (B), Cook claims that the trial court was not authorized to deviate from that presumptive amount because it indicated on the child support worksheet that the presumptive amount would not be unjust or

---

[1] The addendum states that "the parties have agreed to the terms of the Order" and that the parties' signatures indicate such agreement, but the addendum is unsigned.

inappropriate. Cook also argues that the trial court did not make findings as to how the application of the presumptive guidelines would be inappropriate, and that it mistakenly found that Turner was entitled to a high- income upward deviation based on "the differences in the parties' incomes." We agree that the trial court erred by failing to set forth its factual findings to support a deviation from the presumptive amount of child support.[2]

"Calculation of child support begins with a determination of each parent's 'gross income,' which is broadly defined as all income from any source[.]" (Citation and punctuation omitted.) *Cousin v. Tubbs*, 353 Ga. App. 873, 884 (3) (a) (iii) (840 SE2d 85) (2020) (citing OCGA § 19-6-15 (f) (1) (A)), see also OCGA § 19-6-15 (b) (1). Georgia's child support guidelines list a presumptive amount of child support as to each parent based on their combined adjusted income, up to $40,000 per month. See

---

[2] Relying on *Bass v. Medy*, 358 Ga. App. 827 (854 SE2d 763) (2021), Cook asserts that the trial court improperly increased the amount of child support because he was denied the right to due process because Turner never petitioned the court for an increase in child support. However, the facts of *Bass* are distinguishable. In *Bass*, the issue before the court was the father's petition for modification of visitation, but the trial court proceeded to *modify custody and child support* without providing the mother with notice and an opportunity to be heard on those issues, and despite the fact that the father had not requested such relief. *Bass*, 358 Ga. App. at 828-829 (1). Here, the only issue before the trial court was Cook's petition to modify child support, and Cook was provided an opportunity to argue against any increase.

generally OCGA § 19-6-15 (o). "[W]hether special circumstances make the presumptive amount of child support excessive or inadequate and whether deviating from the presumptive amount serves the best interest of the child are committed to the discretion of the court." (Punctuation and footnote omitted.) *Cousin*, 353 Ga. App. at 887 (3) (b). Notably, "fact-finders are given a wide latitude in fixing the amount of alimony and child support, and to this end they are to use their experience as enlightened persons in judging the amount *necessary for support* under the evidence as disclosed by the record and all the facts and circumstances of the case." (Citation omitted; emphasis in original). Id. By statute, when a trial court grants a deviation from the presumptive amount of child support, the order granting the deviation *shall* state the reasons for the deviation, and

> [h]ow, in [the court's] determination: (I) Application of the presumptive amount of child support would be unjust or inappropriate; and (II) The best interest of the child for whom support is being determined will be served by deviation from the presumptive amount of child support.

OCGA § 19-6-15 (i) (1) (B) (iii); accord OCGA § 19-6-15 (c) (2) (E) (iii).

Here, the trial court's order contains neither explanation. Rather, the child-support worksheet regarding the deviation contains one-word answers to three questions, as follows:

B. Would the presumptive amount be unjust or inappropriate? No

C. Would deviation serve the best interest of the children for whom support is being determined? Yes

D. Would deviation seriously impair the ability of the CUSTODIAL Parent or NONPARENT Custodian to maintain minimally adequate housing, food and clothing for the children being supported by the order and to provide other basic necessities? No

"When reviewing deviations from the guidelines the General Assembly has enacted for child support determinations . . . . we cannot rely on implications or our own assumptions. The trial court's written findings must connect the dots to explain . . . that applying the presumptive amount of child support would be inappropriate[.]" *Fladger v. Fladger*, 296 Ga. 145, 149 (2) (765 SE2d 354) (2014); see also *Hamlin v. Ramey*, 291 Ga. App. 222, 227 (2) (661 SE2d 593) (2008) (if the court "decides to deviate from the presumptive amount of child support, then the order must explain how the court . . . reached that decision").

But whether special circumstances exist making the presumptive amount of child support excessive or inadequate and whether deviating from that amount serves the best interest of the child are committed to the discretion of the court. *Cousin*, 353 Ga. App. at 887 (3) (b). Here, in the addendum to the order, the trial court stated that "[d]ue to the differences in the parties incomes, a high income deviation has been added to the Father in the amount of $293.00." But the record shows that Cook and

6

Turner's combined gross income in this case was $17,727. As such, the high income deviation provided for in OCGA § 19-6-15 (b) (7) (A), which, as of 2024, applies to combined adjusted gross incomes of more than $40,000 per month, was not applicable. See OCGA § 19-6-15 (i) (2) (A).

We thus conclude that the trial court's written order fails to sufficiently explain the reasons for the deviation and did not "connect the dots" as required for an upward deviation. *Fladger*, 296 Ga. at 149 (2). Accordingly, we reverse the trial court's order, and remand the case to the trial court with direction that it make written findings that explain any deviation from the presumptive child support amounts. *Fladger*, 296 Ga. at 149 (2) (reversing and remanding for the trial court to make written findings that explain any deviation from the presumptive child support amounts); compare *Gibson v. Gibson*, 373 Ga. App. 805, 810 (1) (909 SE2d 678) (2024) ("the trial court's order properly "connect[ed] the dots" to explain its application of an upward deviation where it evaluated the best interests of the child and reasoned why the presumptive amount was inappropriate).

2. Given our conclusion in Division 1, we do not address Cook's remaining arguments.[3]

*Judgment reversed and remanded with direction. Doyle, P. J., and Padgett, J., concur.*

---

[3] Turner argues that Cook's appeal should be dismissed, essentially arguing that this Court lacks jurisdiction because Cook used the wrong lower court case number in his application for discretionary appeal. Cook acknowledged that he indicated the wrong case number. However, in granting the application, it was apparent from the record which case and order Cook was appealing; and we corrected the case number in the order granting the discretionary appeal. Accordingly, we decline to dismiss the appeal on this basis. *Gordon v. Weldon*, 154 Ga. App. 531 (1) (268 SE2d 796) (1980) (declining to dismiss appeal where notice specified the wrong case number).